## REED *vs.* THOMAS & McNEAL.

Where a note was sued upon in a justice court, and a judgment rendered at the house of the justice, instead of at the regular court room, both the judgment and execution founded thereon were void, and such *fi. fa.* did not constitute such an evidence of debt that a payment and entry thereof made upon it by defendant would fix a new point from which the statute of limitations would run against the note.

Statute of limitations. Judgments. Executions. Before Judge ERWIN. Hall Superior Court. September term, 1880.

Reported in the decision.

MARLER & PERRY, for plaintiff in error.

G. H. PRIOR; S. C. DUNLAP, for defendants.

SPEER, Justice.

Plaintiff in error brought his suit in the justice court of the 268th district, Hall county, in 1879, to recover the sum of one hundred dollars claimed to be due on a promissory note made by the defendants, with interest thereon. note bearing date 1st January, 1866, and due one day after date. To this suit the defendants pleaded, 1st, general issue; 2d, the statute of limitations; and 3d, defendant Thomas pleaded his discharge in bankruptcy to a recovery on said debt. There was a trial in favor of plaintiff in the justice court, from which an appeal was taken to the superior court. On the trial of the case in the superior court, the parties consented to submit the same upon the law and an agreed statement of facts to the presiding judge, without the intervention of a jury, for his decision.

The statement of facts was as follows: Thomas & Mc-Neal were indebted to W. R. Reed on a note for one hundred dollars, dated 1st January, 1866, with interest at seven per cent. from January 27th, 1866, credited August 13th, 1869, with $3.27; October 15th, 1868, with $4.00; 18th November, 1870, with $15.00; 24th October, 1872, with $5.25. The statute of limitations began to run against said note from 24th October, 1872, and it would have been barred at the date of the commencement of this suit, but in the year 1873, a former suit was brought on this note by plaintiff, and judgment was rendered in his favor, at the house of the justice of the peace, which was not the lawful place for holding court in said district. A *fi. fa.* was issued on said void judgment, and the said Thomas paid ten dollars and seventy-five cents on this *fi. fa.*, which was entered on said *fi. fa.* in his, Thomas',

own writing, in the following credit: "Received on the within *fi. fa.* from J. A. Thomas, ten dollars and seventy-five cents, this November 10th, 1873. W. R. Reed.". If this credit was of such a nature as to constitute a new promise—so as to make a new point from which the statute of limitations should run—then it is admitted that said note would not now be barred by the statute of limitations ; otherwise it would be barred and plaintiff could not recover. It is further admitted that on the first day of February, 1877, plaintiff Thomas was discharged in bankruptcy, but that since said discharge he has made an oral promise to plaintiff to pay the debt, and it is also further agreed that the partnership of Thomas & McNeal was dissolved before the original suit upon which the void *fi. fa.* is founded.

On hearing said cause on this statement of facts, the judge below held that the cause of action was barred, and found for the defendants, to which decision plaintiff in error excepted, and assigns the same as error.

The 1950th section of the Code in prescribing, "What obligations must be in writing to be binding," in the 6th paragraph thereof mentions as one of them: "Any promise to revive a debt barred by the act of limitation." This paragraph of the section, 1950, is a codification of a statute of 1853–4, omitted to be published in the acts of that year, but afterwards found in the acts of 1855–6, p. 238. The substance of this act of 1853–4, as found in the acts of 1855, is again codified in substance in section 2934, in the following words: " A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not barred, must be in writing, either in the party's own hand-writing, or subscribed by him or some one authorized by him." It cannot be insisted, nor is it claimed, as we understand, by counsel for plaintiff in error, that there is such a promise in writing by the defendants as would make them liable under this 2934th

section.    But it is insisted that while the defendant made no express promise in writing that binds him and constitutes a new point from which the limitation shall commence to run, that under section 2935, "he has by his written acknowledgement of the existing liability," made "what is equivalent to a new promise."

It is claimed that this note having been sued to judgment (though admitted that both the judgment and *fi. fa.* thereon were void), that on the 10th November, 1873, J. A. Thomas, one of the defendants, paid to the plaintiff ten dollars and seventy-five cents, and entered the same in his own hand-writing on the *fi. fa.*, and which receipt was signed by plaintiff, and that from this date of payment a new limitation began.    Section 2935 of the Code defines "the effect of a credit on note," and declares it shall "be equivalent to a new promise to pay."    By the previous section (2934) and by the 6th paragraph of section 1950, it is clearly enacted that "a new promise, to be binding, must be in writing"—and section 1935 was intended and did declare "that a payment entered upon the written evidence of debt, by the debtor, or any other written acknowledgement of the existing liability, is equivalent to a new promise to pay."    But where is the evidence of a payment entered upon the written evidence of the debt, by the alleged debtor in this case?    There was a payment made by Thomas, entered by him upon a *fi. fa.* which was a void *fi. fa.*, and therefore could not have been the existing debt; neither does this entry of credit on this void *fi. fa.* make it "a written acknowledgement of the existing liability," the subject matter of this suit.    It was, if anything, a written acknowledgement of liability on a judgment and *fi. fa.* afterwards pronounced void—and of nothing else.    A judgment and *fi. fa.* that was void could not be the written evidence "of any existing liability"— it could not represent this debt here sued on, and the best evidence thereof is that another judgment is now sought to be recovered on this same debt.    A judgment and

*fi. fa.* thereon declared void cannot be "a debt or liability existing "—and if not, then there has been no such "written acknowledgment" of the "existing liability" as makes it equivalent to a new promise by the defendant, so as to save the bar of the statute.

Let the judgment of the court below be affirmed.