MATHIS *v.* BAGWELL *et al.*

When, on the hearing of a certiorari sued out from a verdict rendered in a justice's court upon the trial of an illegality case, the return of the magistrate showed that the testimony strongly and decidedly tended to establish facts which rendered the judgment sought to be arrested illegal, a judgment of the superior court sustaining the certiorari and directing a retrial of the cause was not error.

Argued April 14, — Decided May 19, 1897.

Certiorari. Before Judge Hutchins. Gwinnett superior court. March term, 1896.

*C. H. Brand,* for plaintiff.
*Juhan & McDonald,* for defendants.

LITTLE, J.    The error assigned by the plaintiff in error is in the ruling of the judge below, in remanding the cause to the justice's court and ordering a new trial therein.    There was a judgment rendered in the justice's court in favor of Mathis against the defendants in error.    The execution proceeding on the judgment was arrested by affidavit of illegality.    The grounds of the illegality were: there was no summons in the case against Eliza Bagwell; the note was barred by the statute of limitations; the judgment was not rendered nor entered up at the regular court-ground of the district, but at the residence of the justice; and because the judgment was not rendered or entered on a regular court-day.    The judge below sanctioned the issuance of the writ of certiorari, and on the hearing seems to have confined his ruling to one point, viz.: the regularity of the judgment.

If the plaintiff in certiorari were here complaining, there are questions of law arising under the plea of the statute of limitations, which, as to him, might have authorized the judge to make a final disposition of the case in his favor.    He seems, however, to have been content with the new trial ordered, and the case for adjudication rests on the complaint of the defendant in certiorari, that the court ought to have dismissed the certiorari.

The questions as to whether the judgment was rendered and entered up on a regular court-day, and at any other than the regular place appointed by law for holding the court, are questions of fact.    The judge on the hearing decided that it was doubtful whether the judgment was so rendered and entered up, and being doubtful, he sustained the certiorari and ordered a new trial.    This ruling was proper.    Where the case turns on facts, it should be remanded (*Healey* v. *Dean*, 68 *Ga.* 514); and also, where questions of fact are involved (*Emmons* v. *So. Bell Tel. Co.*, 80 *Ga.* 760).    When the error complained of is an error of law which must finally govern the case, and there are no questions of fact involved making it necessary that a new hearing should be had, the judge of the superior court will, on the hearing of a writ of certiorari, finally decide the case without sending it back to the court from which it was

brought. Civil Code, § 4652; see also *Maddox* v. *Cross*, 80 *Ga.*
105; *Rome R. R. Co.* v. *Ransom*, 78 *Ga.* 705.

The evidence in the present case, as appears by the magis-
trate's return, tended strongly and decidedly to show that the
judgment sought to be reversed was rendered and entered at the
residence of the justice of the peace, which was not the regular
place of holding the court; and that it was also rendered and
entered on a day other than a regular court-day. Hence it
follows that the court should have done nothing less than to
have sustained the certiorari and remanded the case for another
trial. . *Judgment affirmed. All the Justices concurring.*