## HILSON *v.* KITCHENS.

1. Even if a notice by "a new justice of the peace," duly published and stating that the place of holding the justice's court in his district would be changed from a named village to "some point" near the line of a designated railroad in another named village, would be sufficient to authorize the magistrate to select some particular house or other definite locality in the latter village as a new place for holding his court, he could not, after so doing, without further notice, lawfully hold his court in any other house or locality in that village.
2. A judgment purporting to have been rendered by a justice's court is void when it affirmatively appears that the court was held at a place at which the court could not lawfully sit.

Submitted March 21, — Decided April 20, 1899.

Illegality. Before Judge Reese. Glascock superior court. February term, 1898.

*K. J. Hawkins*, for plaintiff in error.
*E. B. Rogers* and *James K. Hines*, contra.

COBB, J.  An execution purporting to have been issued from a justice's court was levied upon certain personal property, and the progress of the same was arrested by an affidavit of illegality, alleging that the pretended judgment upon which the execution was issued was not rendered at a place lawfully appointed for holding justices' courts.  The case was carried by appeal to the superior court, and the issue raised upon the affidavit of illegality was submitted to the judge without the intervention of a jury.  From the evidence introduced before the judge it appeared that the justice of the peace who issued the execution was elected in 1886, and held his first court in the office of Dr. Scruggs at Scruggsville in the 1169 district in Glascock county.  At the time of holding this court the justice wrote notices and posted them, stating that after publication of such notices for sixty days the place for holding the justice's court within the district would be changed from Scruggsville to Mitchell "at some point near the line" of a named railroad in that town.  In pursuance of such notice the place for holding court was changed to Mitchell, and has been since held at that place.  At the time of giving notice of the change of place "there was no house in the town of Mitchell" in which to hold court, and the first court was held in a "guano-house near the railroad-track."  The court was not always held in the "guano-house," but was held at different places in the town of Mitchell.  One or two courts were held in Kitchens Brothers' store, one or two others in Kelley & Snider's store, while still others were held in the depot, Dr. Kitchens's office, and in the store of Daniel Brothers.  Several courts were held in the latter place, and the judgment upon which the execution in this case issued was rendered there.  There "is yet no house in Mitchell" in which justices' courts can be held without the consent and permission of the owner.  The judge "overruled" the affidavit of illegality, and the defendant excepted.

The constitution declares that justices of the peace shall "sit monthly at fixed times and places."  Civil Code, § 5856.  See also § 4101.  "Justices of the peace have authority, and it is their duty, to select some central and convenient place in their

respective districts at which to hold their courts, of which they shall give ample public notice, and also to keep their offices within said districts." Civil Code, § 4082. The manner of changing the place of holding such courts when a new justice is elected is prescribed in section 4106 of the Civil Code, which is as follows: "When a new justice of the peace is qualified, and he desires to change the place of holding such courts, he may do so by giving public notice of the fact, stating the place to which changed, and the first court to be thus held, which change shall not go into effect short of sixty days from the time of advertising." It appears from the record in the present case that the lawful place of holding justice's courts in the district in which the plaintiff in error resided was, at the time of the election of the justice of the peace who rendered the judgment and issued the execution, in Scruggsville. He had a perfect right, under the authority of the section of the code above quoted, to change the place of holding court, in the manner therein prescribed. It is not necessary in the present case to determine whether the effort to change the place of holding justice's courts in the district was ineffectual because a designated house or other fixed locality in the town of Mitchell was not set forth in the notice. If the place of holding court was by the notice and advertisement legally removed from Scruggsville, such removal was to the house at which the first court was held in Mitchell. This house became the "fixed place" for holding court, and it was not lawful to hold court at any other house without complying with the law requiring public notice of a change of place. As there was no authority for holding court in the town of Mitchell at any other place than the house in which the court was first held, a judgment rendered at any other place is absolutely void. Civil Code, § 4108. The facts of the present case are all that are necessary to show the wisdom of the lawmakers in requiring these courts to be held at "fixed places." The evils and hardships resulting from a migratory court are plainly manifest. No one interested in the cases pending in the justice's court at Mitchell— a village about a mile and a half in diameter—could tell in what house to look for the court which was to pass upon his

rights; and even the justice himself could not always tell with certainty where he was going to "administer justice."

The judgment attacked in the present case being void, the question could properly be raised by an affidavit of illegality. *Planters' Bank* v. *Berry*, 91 *Ga.* 264.

                    *Judgment reversed.    All the Justices concurring.*