### 4114.    CARTER *v.* ATKINSON, receiver.

RUSSELL, J. 1. Though the decision as rendered did not effect a final disposition of the case, an opposite decision would have been a final disposition of the case; and for that reason there was a right of review by bill of exceptions, and the writ of error is not subject to dismissal.

2. The petition of a plaintiff can properly be amended by allowing the signature of his attorney to be thereto affixed.

3. A void judgment is no judgment. Where a purported judgment is wholly void, a party at whose instance it was rendered is not estopped from attacking it. "A judgment that is void may be attacked in any court and by anybody." Civil Code (1910), § 5968.

4. Under the constitution (article 6, section 7, paragraph 2, Civil Code, § 6524) justices of the peace shall "sit monthly at fixed times and

places;" and a judgment purporting to have been rendered by a justice's court is void if it was rendered at a place at which the court could not lawfully sit.

5. The place of holding a justice's court can not be changed otherwise than by giving a duly published notice of the proposed change of location, as required by law. A judgment rendered by a justice of the peace at any other place than that fixed by law is void. *Hilson* v. *Kitchens*, 107 *Ga.* 230 (33 S. E. 71, 73 Am. St. R. 119).

6. As it appears undisputed in the record that the judgment in question was rendered at the brick storehouse of J. S. Herrin, in the town of Coffee, located between two and three hundred yards from the wooden storehouse of J. S. Herrin & Co., which was the place previously legally fixed for the holding of the justice's court of that district, the justice's judgment was void, and the judgment of the county court upon the plea of res judicata was correct. The case is not altered by the fact that the summons.called the defendant to a court to be held "at the storehouse of J. S. Herrin," or that the storehouse of J. S. Herrin & Co. which had previously been legally fixed as the place of holding the justice's court had been torn down; since no notice of the proposed change of location had ever been published as required by law. The purpose of the constitutional requirement above quoted was to prevent the evils and hardships resulting from migratory courts.

7. The court erred in sustaining the certiorari upon the plea of res judicata. *Judgment reversed.*

DECIDED FEBRUARY 24, 1913.

Certiorari; from Pierce superior court—Judge Parker. March 9, 1912.

*S. F. Memory,* for plaintiff. *A. B. Estes,* for defendant.