### 4823. ROBERTSON v. RUSSELL.

1. "The writ of certiorari does not lie to set aside a verdict or judgment which is not merely erroneous, but absolutely void." *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418). See, also, *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59) ; *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (59 S. E. 322).
2. A judgment rendered by a justice of the peace at a place other than that at which the court could lawfully sit is void. *Hilson* v. *Kitchens,* 107 *Ga.* 230 (33 S. E. 71, 73 Am. St. R. 119) ; *Carter* v. *Atkinson,* 12 *Ga. App.* 390 (77 S. E. 370).

DECIDED JUNE 25, 1913.

Certiorari; from Catoosa superior court—Judge Fite. February 8, 1913.

*William E. Mann,* for plaintiff in error.

*Foust & Payne, McClure & McClure,* contra.

POTTLE, J.  It appears, from the answer of the magistrate, that, on account of the inclemency of the weather, the court was moved about forty yards from the usual place for holding court and in sight of that place.  The judgment rendered against the plaintiff in certiorari probably was void, as was held by the trial judge, who sustained the certiorari.  *Carter* v. *Atkinson,* 12 *Ga. App.* 390 (77 S. E. 370).  If the judgment was void, certiorari was not the remedy.  A void judgment is no judgment, and may be disregarded and treated as an absolute nullity.  The judge of the superior court should, therefore, have overruled the certiorari, since it was not available as a remedy to set aside a void judgment.

*Judgment reversed.*