McDONALD *et al. v.* FARMERS SUPPLY COMPANY, for use.

1. The constitution requires that justices' courts shall be held at fixed times and places. The statute expressly declares that a judgment rendered at a place other than that so fixed shall be void. A judgment so rendered is not merely irregular, but void.

2. It has been held that a writ of certiorari can not be used as a means of attacking a judgment which is not merely erroneous but wholly void.

Accordingly, the suing out of a writ of certiorari to a verdict or judgment admittedly rendered at a place other than that established by law did not furnish to the complaining party an available method of raising that question, and the overruling of the certiorari did not operate as a waiver or estoppel in regard to such question, which was not and could not have been thus raised, and prevent it from being raised by affidavit of illegality after levy of the execution based upon the judgment rendered on the certiorari.

JUNE 22, 1915.

Illegality of execution. Before Judge Daniel. Upson superior court. May 5, 1914.

An issue upon an affidavit of illegality was submitted to the presiding judge, without the intervention of a jury, upon the following statement of facts: "That at the February term of the justice's court in and for the 588th District G. M., Upson county, held on the 15th day of February, 1913, there was pending in said court the case of the Farmers Supply Company against C. J. McDonald, principal, and L. T. Matthews, security, the same being a suit on account. That, further, the weather on said court day being very cold, and the justice having provided no means for heating the lawfully appointed justice's court-house, by agreement of counsel for both plaintiff and defendant the said justice's court was held, for the 15th day of February, 1913, 50 yards from the lawfully appointed place, in the rear of the Planter's Bank building, located in the town of Yatesville, Upson county, Georgia, said Planter's Bank building not being the lawfully appointed place for holding said justice's court. That said case of the Farmers Supply Company against C. J. McDonald, principal, and L. T. Matthews, security, was tried before a jury in said justice's court, and verdict rendered against said C. J. McDonald and L. T. Matthews in favor of the Farmers Supply Company in said Planter's Bank building, and judgment upon said verdict was rendered against C. J. McDonald and L. T. Matthews in said Planter's building, the same not being the lawfully appointed place for holding said justice's court. That said case was certified to Upson superior court, May term, 1913, in answer to the State's writ of certiorari, in which certiorari no effort was made by plaintiffs in certiorari to take advantage of the fact that the justice's court aforesaid was held at other than the lawfully appointed place for holding such justice's court." The superior court overruled the certiorari and entered judgment on the certiorari bond. An execution was issued and

levied. An affidavit of illegality was interposed, on the ground that the judgment was void.

Under the facts, the court dismissed the affidavit of illegality, and to this ruling exception was taken.

*Hugh Thurston* and *J. B. McDonald,* for plaintiffs in error.
*Claude Worrill,* contra.

LUMPKIN, J. At the time when a case in a justice's court came on for trial, the weather was cold and no provision had been made for heating the lawfully appointed place for holding court. By agreement court was held in a house in the same town, about fifty yards from the regular place for holding court. From the verdict a certiorari was sued out. No point was raised as to the place where the justice's court was held. On the hearing a judgment was rendered, declaring that the certiorari was "refused," and a judgment was entered on the certiorari bond. A fi. fa. was issued and levied, and an affidavit of illegality was interposed on the ground that the judgment rendered in the justice's court was void and that the judgment rendered in the certiorari proceeding was also void. The court dismissed the illegality, and the defendant in fi. fa. excepted.

The constitution declares that justice's courts shall sit at fixed times and places. Const. art. 6, sec. 7, par. 2 (Civil Code (1910), § 6524). By section 4705 of the Civil Code it is declared that "All judgments of such justices rendered, in any civil cause, anywhere else than at the place for holding their courts lawfully appointed are void." No provision is made for holding such courts by agreement at other places than those fixed by law. Accordingly, the trial and verdict in this case were not merely irregular, but, by the positive terms of the statute, were void. It has been declared that the writ of certiorari will not lie to set aside a verdict or judgment which is not merely irregular but absolutely void. *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418). If this remedy could not be used, the overruling of the certiorari could not conclude the defendant on this point. If the question were one which could and should have been raised by certiorari, but this was not done, the decision might be different. If the judgment was void, and the ruling on the certiorari did not and could not make it valid by waiver or estoppel, it follows that such void judgment could be attacked by an affidavit of illegality. *Hilson* v. *Kitchens,* 107 *Ga.* 230 (2), 233 (33 S. E. 71, 73 Am. St. R. 119).

In *Green* v. *Alexander*, 88 *Ga.* 161 (13 S. E. 946), it was held that a judgment of a superior court rendered on appeal from a justice's court is not void so as to be attacked by affidavit of illegality on the ground that the justice's court was not held "at a court-house established by law," both parties having had their day in the superior court; thus treating the trial in the superior court as a de novo investigation, and the verdict and judgment rendered therein as binding. Indeed, an appeal may be entered by consent before any judgment is rendered by the justice. Civil Code (1910), § 4740. It will be seen that this differs from a hearing on the writ of certiorari by which it has been held that the point could not be raised.

The decisions are not uniform as to whether a void judgment can be set aside by certiorari; and the rulings of this court are not in entire harmony on the subject. In *Brown* v. *Brown*, 99 *Ga.* 168 (25 S. E. 95), a distress warrant was issued and levied. No counter-affidavit was interposed. Nevertheless the magistrate tried the question of liability, and from his judgment an appeal was taken to a jury in that court, and a verdict was rendered. It was held by two Justices (when this court was composed of three Justices), that, "the whole proceeding being coram non judice, the verdict rendered on appeal in the plaintiff's favor could not be re-viewed by certiorari." In *Mathis* v. *Bagwell*, 101 *Ga.* 167 (28 S. E. 638), an affidavit of illegality was interposed to the levy of an execution issued in a justice's court. Among other grounds of illegality, it was set up that the judgment was not rendered at the regular court ground or on the regular court day. The presiding judge sustained the certiorari and ordered a new trial. This judgment was affirmed. It was said that whether the judgment was rendered on a regular court day, or at a place other than the court ground, involved questions of fact; and that the judge, being doubtful, did not err in directing a new trial to be had. In the case before us there is no dispute as to facts, and the question is one of law. In *Hilson* v. *Kitchens*, 107 *Ga.* 230 (2), supra, it was held that a judgment purporting to have been rendered by a justice's court was void when it affirmatively appeared that the court was held at a place where it could not lawfully sit. In that case an execution issuing from a justice's court was levied, and an affidavit of illegality was filed. The case was carried to the superior court

by appeal. In *Levadas* v. *Beach,* 117 *Ga.* 79, supra, it was declared that the writ of certiorari does not lie to set aside a verdict or judgment which is not merely erroneous but absolutely void. In *Bass* v. *City of Milledgeville,* 122 *Ga.* 177 (50 S. E. 59), it was held that the writ of certiorari can not be used to bring in question the legal existence of the court to which the writ is directed. In the opinion Mr. Justice Cobb said: "It is settled by the decisions of this court that the writ of certiorari will not lie to review a void judgment by a court legally constituted, or any pretended judgment by an individual or body of individuals assuming to exercise judicial powers without any lawful authority so to do. *Murray* v. *State,* 112 *Ga.* 7, 13 [37 S. E. 111]. . . See, in this connection, *Wright* v. *Davis,* 120 *Ga.* 670 (3) [48 S. E. 170]." In *Kingsbery* v. *People's Furniture Co.,* 130 *Ga.* 365 (60 S. E. 865), when a case was called for trial in a justice's court, it was contended that it had already been dismissed and there was no case pending to be tried, but the entry had not been duly made; and a motion was made to have a judgment of dismissal entered. It was held that a denial of the motion furnished a basis for certiorari after verdict. The Court of Appeals has followed the statement above quoted as to what was the fixed rule of this court. *Sawyer* v. *City of Blakely,* 2 *Ga. App.* 159 (58 S. E. 399) ; *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (59 S. E. 322) ; *Robertson* v. *Russell,* 13 *Ga. App.* 27 (78 S. E. 682).

It would seem that this rule has become too firmly fixed to be disregarded, at least without a review of the decisions in the manner pointed out in the statute. Speaking for myself, I think the rule is not sound. If there is no court at all, the attempt to make a ruling is a mere assumption of authority. But if there is a court with a case before it, I have never, appreciated the force of the reasoning by which it is held that, if the judgment is wrong, the litigant against whom it is pronounced may have it reversed by certiorari, but that, if it is so wrong as to be void, the litigant can not get rid of it by that means,—in other words, that there is an inverse ratio between the degree of the wrong and the right to correct it. One of the functions of the common-law writ of certiorari was to pass upon the question of the jurisdiction of an inferior court. Harris on Certiorari, § 45; 2 Burr. 1042. It is declared in the constitution of the State that the superior courts

shall have power to correct errors in inferior judicatories, by writ of certiorari. Article 6, section 4, paragraph 5 (Civil Code (1910), § 6514). The statute contains a like statement. Civil Code (1910), § 5180. A similar provision in a former constitution was held to be self-executing, and to confer the right to have a writ of certiorari, without the necessity for a statute. *Livingston* v. *Livingston,* 24 *Ga.* 379. Thus the writ, under the constitution and statute, is broader than at common law, and, relatively to inferior courts, serves somewhat the same purpose as a writ of error to a court of record. But it is well established in this State that a writ of error will lie to reverse and get rid of a judgment though it may be void for want of jurisdiction. *Walker* v. *Banks,* 65 *Ga.* 20; *Worsham* v. *Murchison,* 66 *Ga.* 715; *Pope* v. *Jones,* 79 *Ga.* 487 (2), 488 (4 S. E. 860). A sound reason for this is, that, if a court without jurisdiction renders a judgment, it may stand of record as an apparent lien on the property of the defendant, and may seriously affect his disposition thereof. A proposed purchaser would hardly be satisfied with an assurance that there was parol evidence to show that the judgment was not rendered at the proper time or place. This evidence in time might become inaccessible. The party injured by having such a judgment entered against him ought to have the right to clear the record. Nor is there any reason why he should be compelled to resort to an equitable petition. If he did so, the same argument would doubtless be used against him,—that it is unnecessary if the judgment is void. So far as I am aware, this is the only argument which has been used against getting rid of such a judgment of an inferior court by writ of certiorari. This case does not present a question of entire want of jurisdiction of a subject-matter or whether that could be waived.

*Judgment reversed. All the Justices concur.*