### 8757. MILLS *v.* ANDERSON.

1. Under the express requirement of the constitution, justice's courts must be held at fixed times and places; and it is declared by statute that a judgment at a place other than that so fixed shall be void.

(a) The presence and participation of the person against whom judgment is rendered in a justice's court at a place other than that fixed by law will not estop him from attacking the validity of the judgment, for this reason, by affidavit of illegality.

2. The court erred in declining to allow the exceptions to the answer of the magistrate, and in refusing to submit to a jury the issue of fact raised by the traverse.

3. While an absolutely void judgment can not be attacked by certiorari, the judgment of a justice's court in dismissing an affidavit of illegality or in passing upon the issue raised thereby may be reviewed by certiorari, under the usual rules in regard thereto.

DECIDED SEPTEMBER 13, 1917.

Certiorari; from Washington superior court—Judge Hardeman. March 16, 1917.

*M. L. Gross,* for plaintiff in error. *Evans & Evans,* contra.

WADE, C. J.   George Mills, in his petition for certiorari, alleged, that on the first Monday in May, 1916, there came on for trial before W. P. Davis, justice of the peace for the 1488th district, G. M., of Washington county, a suit on a note, brought by Ivory Anderson against him, and that "the said justice of the peace, W. P. Davis, called same for a hearing in his blacksmith shop, about 100 yards distant from the regular place of holding his said court, and then and there entered up judgment against the said George Mills;" and that "the said place of entering up judgment and hearing said cause was not the legally constituted place of holding court in said district." The petitioner alleged further, that the justice of the peace issued an execution against him, based upon said judgment, which was duly levied upon a black horse mule as the property of the defendant Mills, on June 20, 1916; that on July 10, 1916, the defendant in execution filed an affidavit of illegality to said judgment and execution, upon the ground that the judgment was rendered at a place other than the

regular court ground for the said district, "same having been rendered by the justice of the peace, W. P. Davis, upon a hearing of the merits in said case at the blacksmith shop of the said W. P. Davis, justice of the peace aforesaid, and said shop not being the regular court ground as aforesaid, and for that reason the same was void;" that the affidavit of illegality aforesaid came on for a hearing on July 10, 1916, before the said justice of the peace, "and the said court, upon reading said affidavit of illegality, entered up judgment on his docket, dismissing said affidavit of illegality, and ordered the levy to proceed; that said affidavit was not traversed by the plaintiff in execution." The petition further set forth that the justice of the peace "committed error in dismissing said affidavit of illegality, for the reason that the same fully set forth that said judgment and execution was void because same was rendered upon a hearing had at a place not the legally constituted court ground in said district, and that said affidavit of illegality was not traversed or the facts set forth therein denied by the plaintiff in execution." The sole error complained of in the petition for certiorari is the action of the justice of the peace in dismissing the affidavit of illegality which attacked the judgment previously rendered as being void.

The magistrate, in his answer to the writ of certiorari, stated that he tried the case "on the second Monday in May, the regular court day, and that said court was held at the most accessible and convenient place in Tennille, there being no regular court-house in said district and never has been." He further answered that at the trial of the illegality case "the defendant appeared and plead, and the court overruled the illegality;" that the trial of the illegality was held on July 10, 1916, and the only ground thereof was that the court was held at respondent's shop, and further that at the time when and the place where the judgment was rendered the "defendant and his attorney appeared in person and plead to the merits of the case, but made no exception or objection as to the place of holding said court." The plaintiff in certiorari filed exceptions to the answer of the justice of the peace, averring that it was incomplete, in that the magistrate failed to attach to his return the affidavit of illegality, or a copy of the judgment in said court, or the fi. fa. issued on said judgment, or a copy of the order dismissing the affidavit of illegality. The plaintiff in certiorari

likewise filed a traverse, duly verified, denying that portion of the answer of the magistrate which recited 'that "said court was held at the most accessible and convenient place in Tennille, there being no regular court-house in said district and never has been," and asserting that this declaration was erroneous, "as the regular place of holding court in said district is that place set out in plaintiff's affidavit of illegality, which is 100 yards from the shop." The judge of the superior court entered the following order: "It is unnecessary to submit the traverse to a jury or pass on the exceptions, because they are, in the judgment of the court, immaterial, in view of untraversed parts of the answer. It appears that the plaintiff in certiorari was sued on a note in the justice court; that in answer to the summons he appeared both in person and by attorney at the justice court and plead to the action; the case was tried and the plaintiff in certiorari lost. He made no exceptions to the place of holding the court, and he did not, either by appeal or certiorari, except to this judgment. After levy of the execution he interposed an affidavit of illegality and attacked the judgment on the sole ground that the judgment is void because rendered at a place not legally established as the justice-court ground. The plaintiff in certiorari is estopped by his conduct. The justice did not err in dismissing the illegality."

Section 4705 of the Civil Code of 1910 declares: "All judgments of such justices rendered, in any civil cause, anywhere else than at the place for holding their courts lawfully appointed are void." The constitution, article 6, section 7, paragraph 2 (Civil Code, § 6524), requires that justices of the peace "shall sit monthly at fixed times and places," and it is now well settled, by repeated adjudications of the Supreme Court and of this court, that a judgment purporting to have been rendered by a justice's court is wholly void if in fact rendered at a place at which the court could not lawfully sit. *Reed* v. *Thomas,* 66 *Ga.* 595; *Johnson* v. *Heitman,* 67 *Ga.* 482; *Bozeman* v. *Singer Manufacturing Co.,* 70 *Ga.* 685; *Hilson* v. *Kitchens,* 107 *Ga.* 230 (33 S. E. 71, 73 Am. St. R. 119); *Lott* v. *Wood,* 135 *Ga.* 821 (70 S. E. 661); *Carter* v. *Atkinson,* 12 *Ga. App.* 390 (4, 5) (77 S. E. 370). The fact that such a judgment is not merely voidable, but absolutely void, makes it subject to attack by affidavit of illegality (*Hart* v. *Lazaron,* 46 *Ga.* 396; *Ansley* v. *Glendenning,* 56 *Ga.* 286 (1); *Park* v. *Calla-*

*way,* 128 *Ga.* 119 (4), 122 (57 S. E. 229) ; *Lott* v. *Wood,* supra) ;
and the party against whom the judgment is rendered is not es-
topped from attacking it as void because he appeared and pleaded
at the trial, and then failed to urge objection upon the ground
that the trial was not being had at the regular place for holding
court in the district. It will appear, by reference to the judgment
of the judge of the superior court, that his ruling was based en-
tirely upon the idea that the defendant's right to attack the judg-
ment for want of jurisdiction was waived because he appeared and
pleaded at the trial. In *Block* v. *Henderson,* 82 *Ga.* 23 (8 S. E.
877, 3 L. R. A. 325, 14 Am. St. R. 138), the court held: "When
a justice of the peace went outside the limits of his district and
undertook to hold his court, he had jurisdiction neither of the sub-
ject-matter nor of the person, and no waiver or agreement made
before him outside of his jurisdiction could confer jurisdiction
upon him. Outside the limits of his district, he was not a judge.
*Reichert* v. *Voss,* 78 *Ga.* 54 [2 S. E. 558], cited and distin-
guished." There can be no difference in principle between waiv-
ing the jurisdiction of a justice of the peace presiding outside his
district, and waiving his jurisdiction to try a case elsewhere than
at the place fixed by law within the district, since in both instances
judgments so rendered would be absolutely void. If such judg-
ments were merely voidable, of course the ruling of the learned
trial judge would have been eminently proper. In *McDonald* v.
*Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861), the first head-
note says: "The constitution requires that justices' courts shall
be held at fixed times and places. The statute expressly declares
that a judgment rendered at a place other than that so fixed shall
be void. A judgment so rendered is not merely irregular, but
void." In the body of the decision Justice Lumpkin, speaking for
the court, says: "The constitution declares that justice's courts
shall sit at fixed times and places. Const. art. 6, sec. 7, par. 2
(Civil Code (1910), § 6524). By section 4705 of the Civil Code
it is declared that 'All judgments of such justices rendered, in any
civil cause, anywhere else than at the place for holding their courts
lawfully appointed are void.' No provision is made for holding
such courts *by agreement* [italics ours] at other places than those
fixed by law. Accordingly, the trial and verdict in this case were
not merely irregular, but, by the positive terms of the statute, were

void." It appears, from an examination of the opinion, that when the case came on for trial in the justice's court "the weather was cold and no provision had been made for heating the lawfully appointed place for holding court. By agreement court was held in a house in the same town, about fifty yards from the regular place for holding court. From the verdict a certiorari was sued out. No point was raised as to the place where the justice's court was held. On the hearing a judgment was rendered, declaring that the certiorari was 'refused,' and a judgment was entered on the certiorari bond. A fi. fa. was issued and levied, and an affidavit of illegality was interposed on the ground that the judgment rendered in the justice's court was void and that the judgment rendered in the certiorari proceeding was also void. The court dismissed the illegality, and the defendant in fi. fa. excepted." In that case the defendant was not only present at the trial but even *agreed* that court should be held in another house in the same town, and only fifty yards distant from the regular place for holding court, and yet the Supreme Court held that an affidavit of illegality would lie to the judgment thus rendered by the justice, which was void for this reason alone. Whether in fact any particular house had ever been designated as the place for holding court in the 1488th district was sufficiently brought into question (under the liberal rules as to pleadings in justice's courts), even if the allegations in the petition for certiorari (which are verified by the magistrate's answer), relative to the recitals in the affidavit of illegality, be alone considered; and the judge of the superior court erred, both in declining to allow the exceptions of the plaintiff in certiorari, which required the magistrate to send up copies of the various pleadings in the case, and in declining to reserve for submission to the jury the issue raised by the traverse to the answer of the magistrate, which itself distinctly and directly called into question the truth of his statement that there was no regular court-house in said district and never had been, and that the court was held at the most accessible and most convenient place.

It is insisted by the defendant in error that a writ of certiorari is not the proper remedy for attacking a judgment wholly void, and that the judgment overruling the certiorari was therefore for this reason proper. Reference to the record is sufficient to dispose of this suggestion. The defendant against whom the judgment was

rendered did not by certiorari attack the *judgment* as void, and ask that the same be set aside for that reason, but duly filed an affidavit of illegality, making this attack, when the fi. fa. was levied; and the petition for certiorari thereafter brought was brought solely to review the judgment of the justice of the peace in dismissing the affidavit of illegality. It appears that the plaintiff in certiorari first filed his affidavit of illegality, as provided in *Hilson* v. *Kitchens,* supra, and in *Planters Bank* v. *Berry,* 91 *Ga.* 264 (18 S. E. 137), and as also distinctly held to be proper in *McDonald* v. *Farmers Supply Co.,* supra. In other words, the certiorari was brought *not* to set aside a void judgment, but to correct the ruling of the justice of the peace in dismissing an affidavit of illegality which asserted that a judgment was void, because rendered at a place not authorized by law.

> *Judgment reversed. George and Luke, JJ., concur.*