## GRIGGS *v.* CITY OF MACON.

1. Certiorari is not a remedy for reviewing and reversing the judgment of a magistrate in binding an offender over to answer a criminal offense in a higher court; nor does the writ of certiorari lie to correct a void judgment.

2. The judgment of the recorder of the City of Macon, finding a defendant guilty of keeping a lewd house, is void for want of jurisdiction in that officer to try him for such offense; and such judgment can not be the basis of a resolution of the mayor and council of said city, declaring that a hotel operated by the defendant is a public nuisance because the defendant is in fact conducting the same as a lewd house, and further directing the chief of police to forcibly expel the defendant and all inmates from said hotel, if they fail to vacate the same after five days notice to do so.

3. Section 86 of the charter of the City of Macon and the ordinances thereof, enacted in pursuance thereof, and embraced in sections 1092 and 1095 of the City Code, have not been repealed by the act of Aug. 21, 1917 (Ga. Laws 1917, p. 177), which declares houses of lewdness, assignation, and prostitution to be nuisances, and provides for their abatement by injunction.

4. Ostensible nuisances, maintained as such, can be summarily abated without notice to, and an opportunity to be heard by, those so conducting them; but the conduct of a business which in itself is lawful, such

as a hotel, can not be declared by resolution of a city council a nuisance, on the ground that the owner is in fact conducting a lewd house, without notice and an opportunity to be heard on the question of whether his hotel is being so conducted as to be a nuisance.

5. The enforcement of the resolution of the mayor and council of the City of Macon, based upon the finding of its recorder, declaring that the plaintiff was conducting a lewd house in his hotel, and directing the chief of police of that city to forcibly eject him and all inmates therefrom on their failure to vacate on five days notice, without notice and an opportunity to be heard upon the question whether he was conducting his hotel as a lewd house, would deprive him of due process of law; and the enforcement of such should have been enjoined.

No. 3178. NOVEMBER 18, 1922.

Petition for injunction. Before Judge M. D. Jones. Bibb superior court. March 11, 1922.

Harry Griggs filed his petition against the City of Macon, seeking to enjoin the enforcement of a certain resolution adopted by the mayor and council of that city, which declared his hotel in that city to be a public nuisance, and instructed the chief of police to forcibly eject petitioner and all the occupants of his hotel therefrom, should they fail to leave the same at the expiration of five days after notice to vacate. Petitioner sought to enjoin enforcement of this resolution, on the grounds: (1) that he had not been given notice and an opportunity to be heard upon the question of the abatement of his hotel as a lewd house, having only been called upon to answer the offense of running a disorderly house, for which offense he had been, on commitment trial, bound over to the city court of Macon; (2) that the provision of the city charter of Macon which authorizes its mayor and council, upon proof of the existence and maintenance of any house of ill fame, to cause the occupants thereof to be forcibly removed, and the ordinances of the City of Macon passed to enforce said charter provision, are unconstitutional and void, because they do not provide for notice and an opportunity to be heard to parties charged with their violation, in violation of the due-process clauses of the Federal and State constitutions; and because of their unconstitutional administration in that no notice was given to him and no opportunity afforded him to be heard upon the question of the abatement of his hotel as a nuisance. Plaintiff further alleged that the section of the charter of Macon and the ordinances passed in pursuance thereof, under which the proceeding against him was brought, were repealed by the act

of Aug. 21, 1917, providing for suppression of lewd houses by injunction.

On the hearing for injunction, the petitioner introduced in evidence his sworn petition with the following exhibits attached thereto:

"In Recorder's Court City of Macon.

"City of Macon *vs.* Harry Griggs.    Keeping a Disorderly House.

"Upon hearing the evidence and argument in the above-stated case, The Saratoga Hotel on Mulberry Street in the City of Macon, kept by Harry Griggs, is adjudged to be a house of ill fame and Bawdy House; and it is ordered that a certified copy of this judgment be, under sections 86 and 1095 of the City Code, submitted to the Mayor and Council of the City of Macon, for the suppression of said nuisance; and that the defendant, Harry Griggs, stand committed to the City Court in bond to the amount of $1,000, to answer to the offense of keeping a lewd house. In open court, this Dec. 31, 1921.

"Custis Nottingham, Recorder, City of Macon."

"Whereas the place at No. 555-½ Mulberry Street, in the City of Macon, known on December 31st, 1921, as Saratoga Hotel and kept by Harry Griggs, has been adjudged in the Recorder's Court to be a house of ill fame and bawdy house, a certified copy of which judgment is hereto attached. And whereas said house is · a nuisance in this City. Be it Resolved, That the Mayor of the said City of Macon give the said Harry Griggs, and all other occupants of said place, five days notice to vacate the same, which notice shall be in writing and served by the Chief of Police, and in the following form:

Mayor's Office, City of Macon.

To————————An occupant of those premises on Mulberry Street, City of Macon, known on December 31, 1921, as Saratoga Hotel.

You are hereby notified, under sections 86, 1092, 1093, 1094, and 1095 of the official code, City of Macon, adopted December 29, 1914, to remove from the premises above described, within five days from this date. This February————————1922.

Mayor City of Macon.

"Be it further resolved, that upon the failure of any of the occupants of said place to remove therefrom, at the expiration of

five days from the service of this notice the Mayor of the City is hereby directed to require the Chief of Police, Lieutenants, and Patrolmen, the Police Officers of the City of Macon, to forcibly eject any such occupants from the premises and thus abate the maintenance of this nuisance. Be it further resolved that should the owner of said premises, or the agent of such owner, again permit a like unlawful use of the same, the chief of police is hereby directed to summons such owner and such agent before the Recorder's Court of the City of Macon, to answer to such violation of the City Ordinances and the criminal statutes of this State."

The defendant then introduced in evidence the following entries on the recorder's and station-sergeant's docket of the recorder's court of the City of Macon:

"December 30th, 1921.                    City of Macon

"No. Case 3525.                              vs.

"Sergeant C. M. N.                        Harry Griggs.

   "Offense: Running a Disorderly House

   "Arresting Officer: Detectives and Garrett.

   "Committed to City Court, Bond $1,000.00.

   "Sent to jail Dec. 31st, 1921.

   "Running a Lewd House.

                        "Custis Nottingham, Recorder, City of Macon."

The defendant introduced in evidence the ordinances of the City of Macon, in the code of that city, as follows: § 1092. "Upon complaint lodged and proof produced to council of the existence or maintenance of any house of ill fame, or bawdy house, it shall be the duty of the mayor to give the occupants thereof five (5) days notice to leave the city; and in case of their failing to do so by the expiration of that time, he shall require the chief of police and his officers forcibly to eject them from the premises, and, if necessary, he shall summons a sufficient number of citizens to assist the officers in so doing." § 1093. "It shall be unlawful for any person to occupy or allow to be occupied any house, or a portion of a house, to be used as a house of ill fame in the city." § 1094. "Circumstances from which it may be reasonably inferred that any house is inhabited by disorderly persons or immoral character and bad fame shall be sufficient to establish the fact that such house is a disorderly house, or house of ill fame." § 1095. "The judgment of the recorder adjudging any house in

the City of Macon to be a house of ill fame, or a bawdy house, or a certified copy of said judgment when submitted to the Mayor and Council of the City of Macon, shall constitute the necessary proof of the existence and maintenance of such house of ill fame or bawdy house, as provided in section 86 of this code."

Paul Stanfield, for the defendant, desposed: He is clerk of the recorder's court of the City of Macon; he acted as such during the trial of the cases of the City of Macon against Harry Griggs, who was, on Dec. 31, 1921, found guilty of conducting a lewd house at the Saratoga Hotel, which finding he served on the mayor and council; and the defendant was committed to the city court. On announcing ready, W. A. McClellan, attorney for the defendant, immediately made the point that the city ordinances providing punishment for the conduct of disorderly and lewd houses were substantially covered by State statutes; whereupon the recorder stated that in the event counsel's position was correct, and defendant was found guilty of conducting a lewd house, it would be the duty of the recorder to certify that fact, under sections 86 and 1095 of the city code, to the mayor and council for the abatement of the nuisance, and also commit the defendant to the State court for trial on the State offense. There was no objection to this proceeding. After the conclusion of the evidence and argument, the recorder's court rendered judgment and sentence.

W. A. McClellan deposed, that he was counsel for Harry Griggs in the case of the City of Macon against Harry Griggs, charged with running a disorderly house, which was tried in the recorder's court of the City of Macon on Dec. 31, 1921, that the only issue which he understood was being tried at said time was the issue as to whether the defendant had committed a State offense for which he could be held to answer in the State court under a commitment from said recorder's court; that it was not his understanding, and he had no notice at the time, that his client was being tried with a view to determining whether he was maintaining a nuisance, or that the recorder was sitting for the purpose of adjudicating that question, and the first intimation deponent had that this issue was to be or had been adjudicated was the statement of the court authorizing the clerk thereof to certify to the mayor and council that defendant's place had been adjudged to be a nuisance; that having no notice, by way of summons or

otherwise, that said issue would be adjudicated, he was not prepared to meet the same, and had he known that said issue was to be adjudicated he would not have announced ready without time for preparation; that no evidence was introduced in behalf of defendant, because he did not know, and had no notice in writing or otherwise, that this issue would be tried. No other evidence was introduced on the hearing of the application for injunction.

The City of Macon demurred to the petition, on the grounds: (1) that it sets out no cause of action; (2) that it discloses no grounds for equitable relief; (3) that it discloses no ground for the grant of the extraordinary remedy of injunction; (4) that petitioner has an adequate remedy at law; (5) that it appears from the allegations of the petition that petitioner has an adequate remedy at law, by certiorari, to review the judgment complained of. The City of Macon answered the petition, admitting that running a hotel is a lawful business, but alleging that it is subject to regulation by the municipal authorities of the City of Macon under its charter. It denied that petitioner had conducted his hotel in a lawful and orderly manner in conformity with the laws of the State and the ordinances of the City of Macon, or had conducted it as a bona fide hotel. It was admitted that on or about Dec. 29, 1921, the petitioner was summoned before the recorder's court, charged with maintaining and keeping a disorderly house in violation of section 383 of the Penal Code of the State; but it was denied that said charge specified only a violation of said section, to which it did not specifically refer. Defendant further admitted the allegations that the charges against petitioner for keeping and maintaining a lewd house came on for a hearing on Dec. 31, 1921, before the recorder's court, sitting as a court of commitment, and that after hearing evidence and argument the recorder ordered petitioner committed to the city court of Macon to answer to the offense of keeping a lewd house in violation of said section of the Penal Code of the State; but denied the conclusion that the recorder was sitting as a court of commitment, and alleged that the recorder was sitting generally as a recorder of the City of Macon as well as a court of commitment. Defendant further admitted passage of the resolution by the mayor and council of the City of Macon which petitioner was seeking to enjoin, and likewise admitted that there was no formal charge preferred

against petitioner of maintaining a nuisance; but defendant avers that running a disorderly house is a nuisance as a matter of law; that petitioner had notice that he was so charged; that a house of ill fame is a disorderly house; and that petitioner, when charged with running a disorderly house, could be found guilty of running a house of ill fame, which not only would subject him to be bound over to the city court for violation of a State law, but subject him to have his house, so run, abated as a nuisance.

After hearing evidence and argument, the court refused to grant an injunction; and error was assigned on this judgment.

　*Wallace Miller* and *W. A. McClellan,* for plaintiff.

　*Harry S. Strozier* and *Grady Gillon,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. The contention of counsel for the city, that the plaintiff had an ample remedy by certiorari to review the judgment of the recorder committing him to the city court of Macon to answer the offense of "running a disorderly house," and adjudging him guilty of "running a lewd house," and to reverse these judgments, if erroneous, and that for this reason injunction will not lie, is not well rooted in the law. The judgment of the recorder, that the plaintiff be committed, or give bond to appear to answer in the city court the offense of keeping a disorderly house, can not be corrected by the superior court by certiorari. *Hyden* v. *State,* 40 *Ga.* 476; *Strickland* v. *Hamilton,* 148 *Ga.* 820 (98 S. E. 471).

2. If the judgment of the recorder, which is set out in full in the statement of facts, can be construed and held to be one adjudging the plaintiff guilty of maintaining and keeping a lewd house, then such judgment is void, first, because the recorder was without jurisdiction to find the defendant guilty of an offense which is punishable by a State statute (*Lanford* v. *Alfriend,* 147 *Ga.* 799 (95 S. E. 688); *Snipe* v. *Dixon,* 147 *Ga.* 285 (93 S. E. 399)); second, because the plaintiff was brought into the recorder's court to answer the offense of running a disorderly house, and on such a charge could not be found guilty of running a lewd house, these offenses being separate and distinct offenses (Penal Code, §§ 382, 383); and third, because, as we shall undertake to show, the plaintiff was deprived of due process of law by the recorder in adjudging him guilty of this offense without notice and an opportunity to be heard. If this judgment of the recorder, in

so far as it adjudged the plaintiff guilty of keeping a lewd house, is void, then certiorari is not an available remedy to review and correct that judgment. Certiorari lies, not to correct that which is void, but only that which is irregular or erroneous. *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418) ; *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59) ; *Wright* v. *Davis,* 120 *Ga.* 670 (48 S. E. 170) ; *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861) ; *Sawyer* v. *Blakely,* 2 *Ga. App.* 159 (58 S. E. 399) ; *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (59 S. E. 322) ; *Robertson* v. *Russell,* 13 *Ga. App.* 27 (78 S. E. 682) ; *Moore* v. *Thomasville,* 17 *Ga. App.* 285 (86 S. E. 641) ; *Mills* v. *Anderson,* 20 *Ga. App.* 806 (93 S. E. 535). This being so, the plaintiff's remedy was not certiorari.

For another reason certiorari would not afford the plaintiff a remedy. He is not seeking to review and have the judgment of the recorder set aside ; but he is seeking to enjoin the enforcement of the resolution of the mayor and city council of Macon, directing the mayor of that city, upon the failure of the plaintiff and his guests to vacate his hotel after having been given five days notice so to do, to require the chief of police and all police officers to forcibly eject all occupants of the premises. This was legislation, and not action judicial. When a municipal council passes an ordinance or resolution, it acts in its legislative capacity; and certiorari will not lie. It is only when a municipal corporation acts in a judicial or quasi-judicial capacity, that the writ of certiorari will lie to review its action. *Gill* v. *Brunswick,* 118 *Ga.* 85 (44 S. E. 830) ; *Carr* v. *Augusta,* 124 *Ga.* 116 (52 S. E. 300) ; *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (113 S. E. 545). For the above reasons the remedy by certiorari was not available to the plaintiff.

3. It is insisted by the plaintiff that that portion of section 86 of the charter of Macon, and the ordinances thereof, enacted in pursuance of said section, and embraced in sections 1092 and 1095 of the City Code, have been repealed by the act of Aug. 21, 1917 (Ga. Laws, 1917, p. 177), which declares houses of lewdness, assignation, and prostitution to be nuisances, and which provides a method of their abatement by injunction. This act does not expressly repeal said section and said ordinances. Its repealing clause only repeals conflicting laws. Repeals by implication are not favored. *Erwin* v. *Moore,* 15 *Ga.* 361; *Girardey* v. *Dougherty,*

18 *Ga.* 259, 262. An implied repeal arises from the enactment, the terms and necessary operation of which can not be harmonized with the terms and necessary effect of the earlier act. " There must be a positive repugnancy between the provisions of the new law and those of the old." Wood *v.* U. S., 16 Pet. 342, 362 (10 L. ed. 987); *Branch Bank* v. *Kirkpalrick,* 5 *Ga.* 34, 37. The necessary implication of repeal must be so strong that it is equivalent to an express repeal. *City of Atlanta* v. *Gate City Gas Lt. Co.,* 71 *Ga.* 106, 122. Applying these familiar principles, we do not think the act of 1917 repealed by implication this section of the charter of Macon, and these ordinances passed in pursuance thereof. The act of 1917 creates a cumulative remedy.

4. This brings us to consider the important constitutional questions raised in this case; one of which is whether that portion of section 86 of the charter of Macon and the ordinances of the city, passed in pursuance thereof, are unconstitutional and void because in conflict with the due-process clauses; and the other of which is whether they were being unconstitutionally administered against the plaintiff by the proceeding instituted in the recorder's court, and by the resolution passed by the mayor and city council of Macon. Neither this section of the charter of Macon nor any of these ordinances provides for any notice and any opportunity to be heard. In the proceeding in the recorder's court, no notice was given the plaintiff that the recorder would pass upon and determine the question whether his hotel was a public nuisance; but he was brought into that court solely for the determination of the question whether he be committed to answer the offense of keeping and maintaining a disorderly house. The recorder committed him to answer this offense, which he had the right to do; but the recorder went a step further, and adjudged him guilty of running a lewd house. This conviction of the latter offense was made in order to be certified to the mayor and council as the basis for the expulsion of the plaintiff and all its inmates from the former's hotel. We are of the opinion, that this action of the recorder and the resolution of the mayor and council would, if the latter were enforced, deprive plaintiff of his property in this hotel without due process of law, in the absence of notice and an opportunity to be first heard upon the question whether his hotel was in fact being run as a lewd house.

We do not mean to hold that lewd houses can not be summarily suppressed, when it is clear that they are such. Nuisances by the common law, by statute, and such as are nuisances per se can be abated without notice and a hearing. *Rowland* v. *Morris,* 152 *Ga.* 842 (111 S. E. 389). So the legislature can provide that nets set in the waters of the State, in violation of its laws for the protection of fish, may be summarily destroyed by any one. Lawton *v.* Steele, 152 U. S. 133 (14 Sup. Ct. 499, 38 L. ed. 385). So goods laden with infectious disease may be seized under health laws, and committed to the flames. Gilman *v.* Philadelphia, 70 U. S. 713 (18 L. ed. 96). So bedclothing, infected with disease, may be destroyed. *Mayor of Savannah* v. *Mulligan,* 95 *Ga.* 323 (22 S. E. 621, 29 L. R. A. 303, 51 Am. St. R. 86). We could add to this list many other nuisances which can be summarily abated without notice and a hearing; but this is unnecessary. Those mentioned are sufficient to make clear our meaning. But in the case at bar, the defendant was obstensibly conducting a hotel business. Such a business is a lawful one. It is true that a hotel may be so operated as to become a nuisance. Under the cloak of conducting a hotel, the owner may in fact be keeping a lewd house; but as the obstensible thing which he is doing is legitimate and above reproach, the fact that it is a nuisance must first be determined in a proceeding in which he had notice and opportunity to be heard. A resolution of the mayor and council of the city can not make his hotel a lewd house, if it is not in fact such. This fact shall first be determined in an orderly, judicial proceeding. The Supreme Court of the United States has well said: " The mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so; nor could such declaration make it a nuisance, unless it in fact had that character. It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities. Yet this seems to have been the view taken by counsel who defended this case in the

circuit court; for that single ordinance of the city, declaring the wharf of Yates a nuisance, and ordering its abatement, is the only evidence in the record that it is a nuisance or an obstruction to navigation, or in any manner injurious to the public." Yates *v.* Milwaukee, 77 U. S. 497, 505 (19 L. ed. 984).

So we are of the opinion that this resolution of the mayor and council of the City of Macon, and its enforcement, would deprive the plaintiff of his property without due process of law; and the administration of this section of the city charter and these ordinances, in the manner in which the plaintiff was proceeded against, violated the due-process clauses of the Federal and State constitutions. *W. & A. R. Co.* v. *Atlanta,* 113 *Ga.* 537 (38 S. E. 996, 54 L. R. A. 294) ; *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716) ; Yates *v.* Milwaukee, supra. Our law makes ample provision for the summary abatement of any nuisance arising from the manner in which this hotel may be operated. In our opinion such a nuisance can be abated in the recorder's court, under the Civil Code, § 5331; and this holding is not in conflict with decisions of this court which hold, or seem to hold, that this section is not applicable to nuisances per se. This section furnishes a pat remedy for determining whether a nuisance exists from the conduct of an ostensibly lawful business in an unlawful manner. Such a nuisance can also be speedily abated under the act of 1917. Ga. Laws 1917, p. 177.

So we are of the opinion that the court below erred in not granting the plaintiff an injunction.

*Judgment reversed. All the Justices concur.*