## HOLLAND v. LAWRENCE.

1. A defendant in a trover suit can not, by an amendment to his answer equitable in its nature, have reformed a written instrument which he relies upon to define the character of his possession of the property in controversy, without making the person who executed the instrument a party to the case.

(a) The other amendment alleged certain wrongful acts upon the part of Hardin, the former owner of the shares of stock alleged to have been transferred, but did not show any cause of action against the plaintiff or any defense to his demand, and was therefore properly stricken.

2. The plaintiff elected to take a verdict for the property in controversy; and it is not cause for the grant of a new trial that the court did not require him to make the election at the beginning of the trial or at the close of his evidence.

3. The evidence shows that the defendant was in possession of the property in controversy as the agent of Hardin. Hardin's transferee could therefore maintain an action to recover its possession against the agent refusing to surrender it.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.

No. 262. DECEMBER 15, 1917.

Trover. Before Judge Mathews. Houston superior court. February 1, 1917.

*R. S. Wimberly*, for plaintiff in error.

*Sibley & Sibley*, contra.

BECK, P. J. Lawrence brought trover against Holland. The defendant denied the plaintiff's title to the property (certain shares of stock) sought to be recovered; he admitted that he was in possession of the stock, but set up title in himself under and by virtue of a certain instrument executed by one Hardin, the former owner of the stock, from whom the plaintiff also claimed to have derived title by purchase. The instrument as written was a power of attorney in fact, authorizing the defendant to sell for Hardin the stock referred to, upon certain terms, and giving him the right to assign and transfer the stock on the books of the corporation. It also designated the date and hour at which the power of attorney should expire. The defendant contended, in an amendment to his answer, that this written instrument did not speak the truth of the transaction between him and Hardin; that it was the intention of Hardin and himself to have drawn and to execute an option allowing the defendant to purchase the stock upon certain terms; and that he had complied with those terms, thereby

becoming vested with the title to the property. He prayed for a reformation of the writing. Hardin was not a party to the case, either as plaintiff or defendant, and it was not sought by the amendment to have him made a party.

1. The court properly struck the amendment just referred to. The defendant was not entitled to a reformation of the instrument which gave character to his possession of the property in controversy, without making Hardin, who executed the instrument, a party to the case.

By another amendment the defendant alleged certain wrongful acts upon the part of Hardin, the former owner of the shares of stock alleged to have been transferred, but did not show any cause of action against the plaintiff or any defense to his demand; and therefore this amendment was also properly stricken.

2, 3. Extended discussion of the rulings made in headnotes 2 and 3 is not necessary.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*