*L. D. Moore, Walter DeFore,* contra.

---

17488.  WOODBURY *v.* ATLANTA DENTAL SUPPLY COMPANY.

STEPHENS, J.  1. Since, in a suit in trover, a conversion of the property sued for may be shown although the property be not in the possession of the defendant at the time of the filing of the suit, it follows that, in a suit where the petition alleges that the property sued for is in the possession of the defendant, a verdict for the plaintiff will not be set aside upon the ground that the plaintiff has failed to prove that at the time of filing the suit the defendant was in possession of the property. *Wilkin* v. *Boykin,* 56 *Ga.* 45; *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314); *Citizens Bank of Valdosta* v. *Peeples,* 10 *Ga. App.* 703 (2) (74 S. E. 303).

2. Where personal property belonging to another, which is in possession of a bailee, is levied on and sold under a distress warrant for rent, instituted in behalf of a third person against the bailee, and the bailee fails to notify the true owner of the bailee's loss of possession under such process, and allows the property to be sold to satisfy his own debt, the inference is authorized that the bailee has, by such conduct, converted the property to his own use, and is therefore guilty of a conversion. *Savannah etc. R. Co.* v. *Wilcox,* 48 *Ga.* 432 (4); 33 L. R. A. (NS) 693 (note).

3. The institution of a suit in trover by a vendor of personalty, who has retained title thereon, against the purchaser, itself amounts to a rescission of the contract of sale, and upon the trial of the case there is presented no issue of fact as to whether there has been a rescission by the plaintiff of the contract of sale, and an assignment of error upon the ground that the court failed "to charge the law as to rescission" is without merit.

4. In a suit in trover, where the plaintiff elects to take a money verdict, he is not required to do so at the beginning of the trial. Where the plaintiff declares such an election at the conclusion of the taking of the testimony, a money verdict for the plaintiff will not be set aside upon the ground that the plaintiff failed to make his election at the beginning of the trial. *Holland* v. *Lawrence,* 147 *Ga.* 479 (94 S. E.

Appeal and Error, 4 C. J. p. 1113, n. 19.
Bailments, 6 C. J. p. 1128, n. 39.
Courts, 15 C. J. p. 986, n. 54.
Replevin, 34 Cyc. p. 1509, n. 69; p. 1545, n. 92, 94.
Sales, 35 Cyc. p. 700, n. 24; p. 702, n. 64 New; p. 703, n. 72.
Trover and Conversion, 38 Cyc. p. 2086, n. 25.

561); *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Garrett* v. *Atlanta Home Underwriters*, 35 *Ga. App.* 404 (133 S. E. 265).

5. In a suit in trover by a vendor, who retained title to the property, against the purchaser, where .the verdict rendered is in an amount less than the unpaid purchase-money, and there is evidence that at the time of the trial the property is worth considerably in excess of the amount of the verdict, the verdict is not subject to the objection that the evidence fails to show the value of the property between the date of the alleged conversion and the trial.

6. Under the above rulings, the verdict for the plaintiff in the municipal court of Atlanta was authorized by the evidence, and on an appeal to the appellate division of that court no error of law appeared, and the appellate division therefore erred in setting aside the judgment for the plaintiff and in rendering a final judgment for the defendant; and the judge of the superior court properly sustained the certiorari from the judgment of the appellate division of the municipal court and reversed the judgment.

7. Since, however, it appears that the evidence would authorize a verdict for either the plaintiff or the defendant, it is directed that the judge of the superior court amend the judgment reversing the judgment of the appellate division of the municipal court and direct that the case stand for a rehearing before the appellate division of the municipal court upon the question as to whether or not the appellate division will grant a new trial upon the discretionary grounds stated in the act of 1925 relative to the municipal court of Atlanta (Ga. L. 1925, p. 370, 384, sec. 42 (b) ), which provides that an appeal lies to the appellate division of the municipal court upon any ground which would be a ground for a new trial in the superior courts, and that the appellate division of the municipal court in so doing pass upon the assignment of error in the appeal to that division which is based upon the ground that the verdict is decidedly against the weight of evidence.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J. concur.*

DECIDED MARCH 4, 1927.

Certiorari; from Fulton superior court—Judge E. D. Thomas. May 19, 1926.

*Ray & Ray,* for plaintiff in error.
*McElreath & Scott, J. Lon Duckworth,* contra.