### SHOTKIN v. POMEROY et al.

No. 11520.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1947.

Rehearing Denied Feb. 7, 1947.

Bernard M. Shotkin, of Denver, Colo., for appellant in pro. per.

E. W. Moise and E. E. Andrews, both of Atlanta, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

The suit brought against the six judges of the Superior Court of Fulton County, Georgia, "in their judicial capacity only and not as individuals," was for a judgment declaring: that orders made on August 14, August 31, and September 1, 1944,[1] by Judge Paul S. Etheridge, and an order made on September 21, 1944,[2] by all of the judges, were null and void; and that it was their duty to expunge and remove these orders.

The claim was that appellant had, on July 10, 1944, been duly admitted to practice law by order of the Supreme Court of Fulton County, Georgia, and had received a license issued out of said court, and that the orders complained of had illegally and unlawfully attempted to cancel and revoke the order signed and license issued on July 10, 1944.[3]

Defendants moved to dismiss for want of jurisdiction on the face of the complaint and further moved for a summary judgment.

---

[1] As pleaded by plaintiff, the order of August 14; revoked the license to practice law issued to plaintiff on July 10, and cancelled, annulled and set aside the order of admission; the order of August 31, annulled, set aside and vacated the order of August 14; while the order of September 1, passed and referred the entire matter of right to practice law to the entire body of judges in conference.

[2] As set out in plaintiff's petition, this was the order:

"State of Georgia,

"County of Fulton,

"In the Superior Court of the Atlanta Judicial Circuit.

"In Re: Application for admission to the bar and to practice law by

"Pursuant to the order of Judge Paul S. Etheridge, made on September 1, 1944, the Judges of this Court have considered this matter, and order as follows:

"First: That the order signed by Judge Paul S. Etheridge on July 10th, 1944, declaring that the applicant, Bernard M. Shotkin, is entitled to be licensed to practice law in Georgia, and directing the Clerk of the Court to issue him such a license, is hereby revoked and set aside.

"Second: That any license to Bernard M. Shotkin to practice law in this State that may have been herefore issued and delivered by this Court, or any of its officers, be, and the same is, hereby cancelled and revoked.

"Third: That the orders in this matter by Judge Paul S. Etheridge made on August 14th and August 31st, 1944, and the same are, revoked and set aside.

"The purpose and effect of this order is to revoke as above provided, and to leave open to the applicant, should he so desire, the right to apply to this Court for a hearing on his application for admission.

"Let this order be filed by the Clerk with the other papers in this matter.

"This 21st day of September, 1944.

"Edgar E. Pomeroy

"Virlyn B. Moore

"Paul S. Etheridge

"Walter C. Hendrix

"A. L. Etheridge

"Frank A. Hooper, Jr.

"Judges Superior Court Atlanta Judicial Circuit."

[3] The petition alleged:

"That on July 10, 1944, the plaintiff, while a citizen and resident of the State and District of Georgia and conforming with the statutes, after passing the examination received the certificate of the board of examiners and was duly admitted to practice law by order of the court dated July 10, 1944, and took and subscribed to the oath required of duly admitted attorneys and counselors at law, whereupon a license evidencing his admission and right to practice law was duly issued out of the said Superior Court of Fulton County of the Atlanta Judicial Court. Theretofore and thereafter plaintiff paid all the costs of this Court, the costs of his examination, and the special tax required of lawyers practicing in the state of Georgia."

The district judge was of the opinion that the declaration sought was one which would require an inquiry into and determination by him, of the propriety, validity and effect of orders of the Superior Court of Fulton County, Georgia with reference to a matter solely within the jurisdiction of that court, that is licensing of attorneys to practice at its bar, and as to whether such orders should be set aside. He, therefore, concluded, that the suit was not one of which jurisdiction was given the court by the U.S.C.A., Title 28, Sec. 41, or by any other act of Congress, and sustained the motion to dismiss.

Appellant, here insisting that the court erred in dismissing his complaint for want of jurisdiction, urges upon us that the judgment should be reversed and the cause remanded with instructions to inquire into, determine, and declare the invalidity of the orders complained of, and that they should be held to be null and void.

Appellees moved in limine to dismiss the appeal on the ground that the questions presented by it had become moot by reason of the decision of the Court of Appeals of Georgia in Shotkin v. State, 35 S.E.2d 556, 560,[4] holding that the order and license of July 10, 1944, on which appellant relies, as admitting him to the practice of law in Georgia, did not and do not have that effect, but are void and of no effect.

On whether the judgment of dismissal was right, they insist: That the suit is one against the State of Georgia; that it is one to set aside or review orders of the Superior Court of Fulton County, Georgia; that it is a suit to adjudicate title to a state office; that it is settled law that the United States District Court for the Northern District of Georgia is without jurisdiction in a suit against the judges who entered them to set aside or review orders of the Superior Court of Fulton County, Georgia; and that the judgment of dismissal was correct.

We do not determine whether the district judge was right in dismissing the complaint for want of jurisdiction, for we agree with appellees that the matters tendered by plaintiff in his complaint and the relief he seeks therein have been rendered moot by the decision in Shotkin v. State, supra. The record in that case shows that he moved in the State court to set aside the order of September 21, 1944, complained of here, and that motion denied, appealed from its dismissal. It shows, too, that the Court of Appeals of Georgia, in affirming the order appealed from, has determined and declared that the order and license of July 10, 1944, on which appellant relies, were entered and issued without authority of law, and that he is not, and never was, authorized to practice.[5]

This determination, that appellant has no valid license and is not authorized to practice law, renders moot the issue tendered and the relief sought in this suit, that the orders assailed were invalidly entered, and

---

[4] Appellant's motion for rehearing was denied, as were his petitions for a writ of certiorari to the Supreme Court of Georgia and to the Supreme Court of the United States. Shotkin v. Judges, 67 S. Ct. 56.

[5] The opinion set out the requirement of the Code, § 24-3305, that "No one shall be admitted to the bar until the committee shall have made its report to the court as to the moral character and fitness of the applicant". It recited that the committee had reported that it "was found to be the judgment of the Grievance Committee that the plaintiff's application for admission to the Bar should be denied". It then proceeded:

"These facts being considered true and being undisputed, and if the Code sections which we have hereinbefore quoted are to be considered as of binding force (and we know of no law to the contrary), then Judge Paul S. Etheridge was without authority of law to order a license issued to the plaintiff to practice law, on July 10th, on the very day that the plaintiff filed with the clerk his questionnaire which the rule provided should be forwarded to the Grievance Committee.

" * * * the order authorizing the defendant to receive a license and the issuance of the license thereunder was void and a nullity, having been issued at a time contrary to the provisions of the law. The order being thus void and a nullity on the face of the record, under the Code, section 110-709 may be so held when 'it becomes material to the interests of the parties to consider it.' In such event no petition, no notice, no service, no hearing or no order, is necessary to set it aside. It may be disregarded." (Citing authorities).

that they should be found invalid and void. The judgment is, therefore, reversed and the cause is remanded with directions to vacate the order and dismiss the cause as moot.[6]

---

[6] Bender v. Donoghue et al., 5 Cir., 70 F.2d 723.