## 32599. ZACHOS *v.* ROWLAND.

DECIDED SEPTEMBER. 10, 1949.

34

*Noah J. Stone,* for plaintiff in error.

*Matthews, Long & Moore, Nick Long Jr.,* contra.

WORRILL, J. ■ "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code, § 107-105. "In actions for the recovery of personal prop-

erty, if the defendant at the first term shall tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all title, the costs of the action shall be paid by the plaintiff, unless he shall prove a previous demand of the defendant and a refusal to deliver it up." Code, § 107-104. These sections provide that the defendant has a right to tender the property at the first term, but there is not a provision that he can tender the value of the property then or later. The plaintiff has a right to elect a verdict at any time before the case is submitted to a jury or before judgment is rendered by a judge without a jury. *Young* v. *Durham,* 15 *Ga. App.* 678 (4) (84 S. E. 165); *Woodbury* v. *Atlanta Dental Supply Co.,* 36 *Ga. App.* 548 (4) (137 S. E. 302); *Holland* v. *Lawrence,* 147 *Ga.* 479 (2) (94 S. E. 561); *Garrett* v. *Atlanta Home Underwriters,* 35 *Ga. App.* 404 (1) (133 S. E. 265). The only provision in the law of trover which authorizes a defendant to make an election, is where the plaintiff has replevied the property and fails to recover at the trial. *Bank of Blakely* v. *Cobb,* 5 *Ga. App.* 289 (63 S. E. 24).

Nothing appears to support the contention made in the brief of counsel for the plaintiff in error that the wording of § 107-105 of the Code of 1933 (as quoted above) changes the rule announced in the older cases to the effect that the plaintiff may make his election as to the verdict he will take at any time before the verdict is made. Therefore, since it appears from the record that the plaintiff elected to take a property verdict, we do not think that the trial judge was authorized to render a judgment concluding the matter otherwise, without first giving the plaintiff an opportunity to be heard.

The Civil Court of DeKalb County is a justice court, and its powers and authority are limited by the general law defining such powers of justice courts, except for such additional powers expressly conferred upon it by law. Ga. Laws 1947, p. 1225, sec. 1. The Code, § 24-908, provides that all judgments of justices rendered in any civil cause, anywhere else than at the place for holding their courts are void. *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861). It is also well settled that every litigant is entitled to notice and a hearing. This benefit of a notice and a hearing is not a matter of grace, but

is one of right. *Shippen Lumber Co.* v. *Elliott*, 134 *Ga.* 699, 702 (68 S. E. 509); *Mott* v. *State Board of Examiners in Optometry*, 148 *Ga.* 55 (95 S. E. 867).

Under the statement of facts as agreed upon, therefore, the order of the judge, which in effect dismissed the plaintiff's case upon a settlement, was a judgment rendered against the plaintiff (in so far as his right to elect the judgment he would take was concerned) without notice to the plaintiff and without giving him an opportunity to be heard, and was rendered in Fulton County at a place where the court was not authorized by law to sit, and we conclude that the judgment and order of the court rendered on December 4, 1946, was void and of no effect.

■ "In *Jowers* v. *Kirkpatrick Hardware Co.*, 21 *Ga. App.* 751 (2) (94 S. E. 1044), this court said: 'A void judgment "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1910), section 5964. "A void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before, it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." Black on Judgments, section 170.'" *Shotkin* v. *State*, 73 *Ga. App.* 136, 143 (35 S. E. 2d, 556). Under this rule of law, then, we do not think the plaintiff was required to make a motion to set aside or vacate the void order of December 4, 1946, as contended by the plaintiff in error in his first assignment of error, and therefore the court did not err in ordering the case set for trial, notwithstanding

there was no prayer to set aside or vacate that prior order. Likewise, no action or inaction on the part of the plaintiff could be held to constitute an acquiescence or estoppel as regards this void order or judgment of the court.

For these reasons, then, the judge of the superior court did not err in overruling the certiorari on each and every ground thereof.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*