## 22560. LIVSEY *v.* COUNTY OF WALTON.

Decided July 14, 1933.

*John I. Kelley, Marvin L. Allison, J. H. Felker,* for plaintiff in error.

*Roberts & Roberts,* contra.

GUERRY, J. The County of Walton filed its petition for condemnation of a right of way for a road or highway in or near the city of Loganville, Ga. Upon a hearing thereof before the assessors appointed in the case, they made an award in favor of Mrs. Kate Livsey in the sum of $675, and found that the County of Walton should bear the expense of a suitable cattle underpass for the right sought to be condemned. From this award the county entered an appeal to the superior court. On the hearing of the appeal Mrs. Livsey filed a motion to remand the case to the assessors, on the ground that the award was a nullity, and that no appeal could be taken, as there was no valid judgment. The court overruled the motion, and to this ruling exceptions pendente lite were filed. The case proceeded to trial before a jury, and the jury rendered a straight money award for a greatly reduced amount. Mrs. Livsey come to this court on exceptions to the judgment refusing a new trial and to the refusal of the trial court to remand the case to the assessors.

"It is a general rule that if an inferior court or tribunal has no jurisdiction of a case, an appeal from its decision confers no jurisdiction upon the appellate court, and the rule applies to appeals from justice courts." 3 C. J. 366. See also, in this connection, *Pope* v. *Lee,* 138 *Ga.* 536 (75 S. E. 632); *Crawford* v. *Wheeler,*

111 *Ga.* 870 (36 S. E. 954). The assessors in this case had jurisdiction. to make an award, but the award was a nullity. The appeal to the superior court of Walton county made the whole matter a de novo investigation. See *Robertson* v. *Russell,* 13 *Ga. App.* 27 (78 S. E. 682) ; *Carter* v. *Atkinson,* 12 *Ga. App.* 390 (77 S. E. 370) ; *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (59 S. E. 322). In the cases just cited the court to which the cases were carried, either by writ of certiorari or by appeal, refused to consider the matter for the reason that the court from which the appeal was taken was without jurisdiction to hear and determine the matter in the first place. In the instant case the assessors had jurisdiction over the subject-matter, and in all other respects it was regular, and, according to law, the superior court of Walton county, as court of original as well as appellate jurisdiction, had a right to hear and determine the matter; and it was not error for the court to try the same and enter up final judgment. In the very case cited by counsel for plaintiff in error, *Darien & Western R. Co.* v. *McKay,* 132 *Ga.* 672 (64 S. E. 785), the superior court heard such an appeal. Under our practice a verdict of a jury which is illegal and void and can not be enforced is a ground for granting a new trial. *Mitchell* v. *Printup,* 27 *Ga.* 469. The superior court on an appeal from the justice's court or from an award in this case has the same and even larger powers for the correction of errors than it has in passing upon a motion for a new trial.

In ground 4 of the motion for a new trial complaint is made of the admission of certain testimony as to the value of the land and the qualification of the witness. "The market value of land is not a question of science and skill upon which only an expert can give an opinion." *Central Ga. Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880). A witness is qualified to testify concerning the market value of land if he has had an opportunity of forming a correct opinion as to its value. If a witness living at a distance from the land sought to be condemned had no opportunity of knowing the land in that community or the particular land in controversy, he would be incompetent to testify as to its value. In the instant case the witness had an opportunity for forming a correct opinion, and it appears from the record that this witness had such an opportunity as to qualify him to give an opinion as a non-expert from the facts stated by him.

For no reason assigned in grounds 5 and 6 of the motion for a new trial was any error committed in rulings on testimony.

The verdict was authorized by the evidence and the court did not err in refusing to remand the case to the assessors or arbitrators, or in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*