27137. KENT *v.* ROGERS, receiver.

DECIDED NOVEMBER 25, 1938.

*E. J. Ennis, W. B. Kent & Son,* for plaintiff in error.
*Heath & Heath,* contra.

STEPHENS, P. J. 1. A plea of the general issue of not indebted is insufficient as setting out a defense in an affidavit of illegality to a statutory foreclosure of a retention-of-title contract of sale. *Woods v. Roberts,* 97 *Ga.* 254 (22 S. E. 986); *DeSoto Plantation Co. v. Hammett,* 111 *Ga.* 24, 26 (36 S. E. 304); *Gunn v. Head,* 116 *Ga.* 325 (42 S. E. 343); *Pyron & Son v. Ruohs,* 120 *Ga.* 1060, 1065 (48 S. E. 434). In a counter-affidavit filed by a purchaser of personal property to a statutory foreclosure of a retention-of-title contract of sale, where the foreclosure was instituted by a person who was not the seller or the payee in the contract, but who, where it appeared by an amendment filed, was the transferee or assignee of the seller or the payee, an allegation therein that the affiant "is not indebted to the said plaintiffs in the amount of the execution, or in any amount," was a plea of the general issue only, and was not good as against a general demurrer.

2. Since a contract for the sale of personal property under a retention-of-title contract is one which is assignable and transferable by the seller, a payment to the seller of the amount due under the contract is not necessarily a discharge of the purchaser's obligation under the contract. It may be that the defendant's

obligation, when payment was made, was not an obligation by him to the seller or payee in the contract, but was an obligation by him to an assignee of the seller to whom the contract, which was assignable, had been assigned. In a foreclosure suit against the purchaser, instituted by a person other than the seller or payee named in the contract, who was the assignee or transferee of the seller or payee named in the contract, the plea, contained in the counter-affidavit filed by the purchaser thereto as a defense, in which it was alleged that the defendant had paid some person other than the plaintiff, in that he had paid the seller or the payee named in the contract the amount due under the contract, and that the defendant had never promised to pay the plaintiff, and did not owe the plaintiff any amount, where it did not appear that the payment was made before the payee's right and title had been transferred or assigned, was insufficient as an allegation that the defendant had discharged his obligation under the contract and was not indebted to the plaintiff.

3. The plea as set out in paragraph 2 above was also defective as a plea of payment in that it failed to allege the dates and amounts of the alleged payments, to whom paid, and the manner of payment.

4. An allegation in a counter-affidavit that the seller or the payee in the retention-of-title contract of sale was indebted to the defendant in an amount representing damages to an automobile, which was the subject-matter of the contract, as a result of the automobile's being wrecked, which damage was covered by insurance on which the defendant was paying premiums to the seller or payee, was insufficient to show any defense against any right of the plaintiff as transferee or assignee of the seller or payee, in that it did not appear that this indebtedness arose before the seller or payee transferred or assigned his interest in the contract, and also in that it did not appear how and in what manner the seller or payee in the retention-of-title contract was indebted to the defendant by reason of the alleged wreck, or how or in what manner the plaintiff was under obligation to the defendant for such alleged indebtedness.

5. Under the rulings in paragraphs 2, 3, and 4 above, the counter-affidavit was subject to the special demurrers interposed. The court did not err in sustaining the general and special demurrers

to the counter-affidavit, and in striking the counter-affidavit in its entirety.

6. It appears that the amendment to the counter-affidavit was not passed upon or allowed by the court, and therefore no question as to its sufficiency is presented for determination.

7. The only assignments of error in the bill of exceptions being to the judgment of the court sustaining the demurrer and striking the defendant's counter-affidavit, and there being no exception to any ruling of the trial judge with respect to calling the case for trial and passing on the demurrers in the absence of one of counsel for the defendant, there is presented to this court no question for decision on the action of the trial court in calling the case for trial and passing upon the demurrers in the absence of counsel for the defendant. It is conceded that the defendant was represented by other counsel at the hearing on the demurrer.

8. No question is presented for decision except such as arose out of alleged errors in the judgment of the court sustaining the demurrers to the defendant's counter-affidavit.

*Judgment affirmed. Sutton and Felton, JJ., concur.*