### 38148. TUGGLE v. DeKALB COUNTY.

DECIDED JUNE 8, 1960—REHEARING DENIED JUNE 24, 1960.

*Sams & Sams, Marion A. Sams,* for plaintiff in error.
*George P. Dillard, W. Dan Greer,* contra.

BELL, Judge. The petition of the condemnor sets out in detail the description of the real estate to be condemned by metes and bounds and to supplement this description refers to and includes in the petition certain maps and drawings and files in the office of the Commissioners of Roads and Revenues of DeKalb County. The description, after this long and careful metes and bounds designation, is ended with the simple statement that it contains certain acreage which totals to 1.3 acres. The amendment to the petition re-asserts the careful, detailed metes and bounds description and also supplementing the description, refers to other maps and drawings not contained in the description in the original petition and changes its statement as to the estimated area to 0.48 acres. Thus, the acreage changed by the amendment was from 1.3 to 0.48, as suggested by the amendment to the condemnation proceedings.

The condemnee contends that the appeal should be dismissed because the amendment has changed the actual land to be condemned and that the amendment describes land not contained and described in the original petition and thus not the true subject for evaluation by the appraisers. However, that is not the case. The amendment simply has allegations which will help the jury in their determination of the land to be evaluated by them by correcting a mis-statement as to the acreage involved and aiding in the visual positioning of the land by the maps and charts added. The amendment does not in any way describe any other land than that contained and carefully depicted in the metes and bounds description of the original petition. The land evaluated by the appraisers, and that to be now evaluated by the jury on the appeal, is the same land with only minor alterations in descriptive aids in order to place better the land's actual area and topography.

Even though the acreage description may be at variance with the metes and bounds description, it is well known that the metes and bounds description will govern, and the proper designation of realty will not be upset by a mistaken or mischanged acreage amount. *Glidden Co. v. City of Collins*, 189 Ga. 656 (7 S. E. 2d 266); *Ray v. Pease*, 95 Ga. 153 (22 S. E. 190); *Baker v. Corbin*, 148 Ga. 267, 269 (96 S. E. 428). There is no objec-

tionable feature, then, as to the amendment on the basis of an improper description in the original petition.

It must further be kept in mind that the right of appeal from the award of the appraisers brings the matter de novo to be tried by a jury as to the value of the property taken and the amount of the damage done. *H. G. Hastings Co. v. Southern Natural Gas Corp.,* 45 Ga. App. 774 (166 S. E. 56); *Livsey v. County of Walton,* 47 Ga. App. 211 (170 S. E. 268); *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 S. E. 387, Ann. Cas. 1914A 880). The jury then on the appeal is entitled to any facts which may have a bearing on the value of the land, and the land to be evaluated is exactly the same land evaluated by the appraisers, and the allegations in the petition which simply go to the supplementation of the prior accurate description introduce nothing that could not come before the jury, and this even though the amendment had not been interposed. Code § 36-601 provides that on the appeal from the award of the appraisers, it is the duty of the judge to cause an issue to be made, and that in itself authorizes amendments and readjustments of the petitions in so far as they do not disturb the actual property involved. Here no change in the property to be considered was made by the amendment.

These conclusions, then, lead inescapably to the further conclusion that the amendment was proper and that there was no ground for dismissing the appeal, and the order of the superior court overruling and denying the motion to dismiss must be upheld.

The objections to the amendment that it set forth a new and distinct cause of action, that the amendment when construed with the original petition is too vague, indefinite, and uncertain, and seems to describe improperly the property which the plaintiff seeks to condemn, that it fails to set forth what real property is eliminated from the original 1.3 acres of land; that there was no notice of condemnation of this particular land and no value placed upon it, and that the amendment involves property not described in the original petition, that the condemnor has abandoned its original proceedings and seeks to start a new cause of action on the appeal; that the amended petition does not

allege a necessity for condemnation of this allegedly newly described land; that the amendment was not timely offered, and that the appeal has been filed only by condemnor and not by condemnee, are all adequately answered and determined by the matters considered and resolved in disposing of the motion to dismiss the appeal and need not be considered further.

The order of the superior court denying and overruling the motion to dismiss the appeal is affirmed and the order of the superior court overruling the objections to the amendment on every ground set forth is affirmed.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*