## 38305.   FIRST NATIONAL BANK OF ATLANTA v. VINSON.

DECIDED NOVEMBER 28, 1960—REHEARING DENIED DECEMBER 12, 1960.

*Moise, Post & Gardner, Allen Post, J. William Gibson, Harold S. Willingham, Hicks & Henderson, Claud M. Hicks, G. Robert Howard,* for plaintiff in error.

*Allen, Duncan & Ford, Russell A. Ford, Sr.,* contra.

FELTON, Chief Judge. 1. This case was the foreclosure of a conditional-sale contract. At the time of foreclosure nearly all of the instalments had not matured but the contract did not show whether there had been a default in the payment of an instalment or not. The original affidavit simply alleged that the

total amount of the contract was due and did not allege the reason therefor. A reasonable construction of the affidavit is that the total amount was due because of the default in the instalment payments, in the absence of any other assigned reason. With the affidavit in this status the plaintiff moved to dismiss the affidavit of illegality which motion the court overruled. We think that the court was correct in this action as of the time the motion was made and overruled for the reason that the affidavit alleged that payments were made on the contract in accordance with the contract and we think that as against a general demurrer the affidavit substantially alleged that payments were made to the party entitled to it under the contract, whether payee or assignee. If any more particularity as to payments was desired a special demurrer was necessary. *Calhoun v. Williamson,* 49 Ga. App. 229, 232 (174 S. E. 806); *Epstein & Bro. Co. v. Thomas,* 15 Ga. App. 741 (84 S. E. 201); *Prince & Sons v. J. W. Cochran & Sons,* 10 Ga. App. 495 (73 S. E. 693). We also think and rule that the question raised by the motion to dismiss the affidavit of illegality was superseded by the amendment to the foreclosure affidavit which absolutely restricted the right to accelerate the maturity of instalments not due to two new and distinct grounds and the amendment was made after the evidence showed without dispute that there had been no default in the payment of any instalment. There was no general denial of indebtedness or denial of any kind except that of denying that the plaintiff could accelerate the maturity of the instalments not due. It would be a travesty of the worst order under the circumstances of this case to hold that the motion to dismiss, before the affidavit of foreclosure was amended, should have been sustained when the evidence showed that the ground for acceleration was false or mistaken and when the plaintiff abandoned the original ground and proceeded on other claimed grounds. The result of such a ruling would be to give the plaintiff the benefit of a right which the evidence showed it did not have and which it admitted it did not have and a further result would be to deprive the defendant of his legal defenses to the altered claims of the plaintiff.

2. The court did not err in charging the jury that the bank had

abandoned the ground of the acceleration of the due date of the entire contract that the defendant had defaulted in his payments on the contract. This ground was abandoned by the amendment to the foreclosure affidavit.

3. Ground 5 of the amended motion for a new trial complains that the court erred in charging that the bank was foreclosing "for $1937.06 on a forty seven Lincoln automobile, 1956." This was a slip of the tongue. The pleadings showed the truth of the issue and we do not think the bank was harmed by the possibility that the jury might have thought that the bank was financing a 1947 Lincoln to the extent of $1,937.06. The ground shows no harmful error.

4. Grounds 6 and 7 complain that the court erred in not telling the jury the difference between a "retain title" *note* and a conditional-sale contract, the court having used both terms. If this was error it was not harmful because the jury was fully instructed what to do in the event it found certain facts to be true or not true. The finding of the jury was not dependent on what kind of contract was foreclosed and there was no issue about it. Under the court's charge there is not the remotest likelihood that the jury might have decided that the *note* did not contain the acceleration and security provisions. He charged that the contract contained the provisions. These grounds show no error.

5. Ground 8 complains of the following charge: "Now when that matter came up at this trial the First National Bank filed an amendment, in which they added the grounds of foreclosure that the defendant was about to remove the property out of the State in violation of the terms of his contract, and that the plaintiff deemed the security insufficient to pay the note, for different reasons, and that the defendant failed to keep the car in repair." This charge was not error for the reason assigned. The expression "for different reasons" did not likely confuse the jury. The court clearly told the jury exactly what the only two grounds were on which the bank based its feeling of insecurity.

6. Ground 9 complains of the following charge: "If you find for the plaintiff, that it had a right to foreclose when it did, then the form of your verdict would be—We, the jury, find

in favor of the plaintiff. It is not a question of amount; it is just a question of the foreclosure proceeding." This charge was not harmful error. We cannot conceive of the jury's misunderstanding the instruction to mean that the defendant did not owe the bank any money or that if he did the bank could not collect it. The issue was whether the bank had the right to foreclose on the automobile at the time it did, and sell it to collect the debt due on it.

7. Ground 10 complains that the court failed without request to charge the jury in substance the provisions of *Code Ann.* § 67-1601. We doubt whether the failure to charge the substance of this section if requested would be harmful error. It was certainly not error to fail to charge it in the absence of a request. Such a charge would not have aided the jury and the judge so charged that the jury could find a verdict based on whether they found pro or con as to specific facts.

8. What is said in division 7 applies to grounds 11, 12, 13 14 and 15 as to complaints for failure to charge the substance of the following Code sections: *Code Ann.* § 67-701, *Code Ann.* § 67-703, *Code Ann.* § 67-801, *Code Ann.* § 67-2303, *Code Ann.* § 67-803.

9. Grounds 16 and 17 are without merit because the court did charge the jury fully the contentions of the parties on every issue in the case and the law applicable thereto.

10. Ground 18 complains "Because of the misdirection of the court, in its charge to the jury." The ground is without merit.

11. There is no merit in ground 19 which is as follows: "Because the court did not of its own motion, and without being requested so to do, instruct the jury as to the laws of the State of Georgia in the foreclosure of conditional-sale contracts which have been assigned and transferred to another party."

12. Ground 20 is as follows: "Because the court erred in failing to properly swear the jury in accordance with Code Sec. 67-803 should they (the jury) find that the defendant's affidavit of illegality and defense was filed for the purpose of delay. Said failure to so swear was harmful and hurtful to the plaintiff, since it left out one of the rights given the plaintiff by law, i.e., to recover damages in the foreclosure suit of a conditional-

sale contract which had been assigned and transferred to a third party, the plaintiff. Such action of the court would have presented the plaintiff's case in a less unfavorable point of view." This ground does not recite that the oath was not given to all jurors as to all such cases or that the plaintiff did not know it had not been so sworn. The bank, knowing the failure to give such oath, could not take its chances, lose, and then complain.

13. Ground 21 is as follows: "Because the court in this case was illegally constituted and proceeded to trial illegally since the trial judge was a visiting judge from another judicial circuit and attempted to hold court when the presiding judge of the Cobb Judicial Circuit was not disqualified, disabled, or absent from the circuit, but, on the contrary, the presiding judge of the Cobb Judicial Circuit was, at the time of the trial of this case, in the Cobb County courthouse administering his judicial duties as the presiding judge of the Cobb Judicial Circuit." Whatever may be the law as to a judge from one judicial circuit presiding in a case in another circuit under the circumstances shown in this ground we think that, whatever the illegality or irregularity, the bank is estopped to now complain in the absence of earlier objection. It would seem that an estoppel would apply in view of the trouble and expense of a trial of the case on its merits.

14. There is no merit in the general grounds. Without going into detailed evidence, the jury was authorized to find that the defendant had permission to carry the automobile outside the State from an authorized official of the bank and that he was justified in the delay in repairing his automobile by a dispute with an insurance company.

The court did not err in overruling the motion to dismiss the affidavit of illegality and in overruling the amended motion for a new trial.

*Judgments affirmed. Townsend, P. J., Carlisle, Bell and Frankum, JJ., concur. Nichols, J., dissents. Jordan, J., not participating because the case was decided before he took office as judge.*

NICHOLS, Judge, dissenting. I dissent from the judgment in the first division of the opinion as well as the judgment of affirm-

ance.  In the present case the defendant's counter-affidavit alleged merely:  (A) There are no grounds for the plaintiff to foreclose.  (B and C) That the defendant is not indebted to the plaintiff.  (D) That the defendant has paid as he was required to do under the contract.  (E) That the plaintiff has wilfully and wantonly wrongfully foreclosed.  Without question all the grounds of the defendant's counter-affidavit, except (D) merely plead the general issue and as such were subject to the plaintiff's motion to strike.  "A ground of an affidavit of illegality to the foreclosure of a contract retaining title to personal property to secure debt, which states that the debt is not due and not unpaid and that the affidavit of foreclosure is untrue, pleads no facts showing that the amount claimed is not due, and, as a general denial, it is not an issuable defense which the defendant might have set up in an ordinary suit upon the demand secured by the contract retaining title.  *Code* §§ 67-1601, 67-1602, and 67-801; *Stansell v. Corley,* 81 Ga. 453 (2, 4) (8 S. E. 868); *Johnson v. Cobb,* 100 Ga. 139 (28 S. E. 72); *Kent v. Rogers,* 58 Ga. App. 835 (20 S. E. 235)."  *Carter v. Rich's, Inc.,* 83 Ga. App. 188 (2) (63 S. E. 2d 241).  Therefore, we will deal further only with the allegation contained in subparagraph (D) of such counter-affidavit.

The defendant alleged that all payments had been made promptly as required by the conditional-sale contract and that he was not in arrears with such payments.  Was this an issuable defense to the foreclosure affidavit of the contract, which contract, showing the transfer, was attached to and made a part of the foreclosure affidavit?  The contract bound the defendant *to pay to the order of the seller at the office of the plaintiff,* the transferee, the monthly payments called for under such contract. The contract called for the first payment to be made on August 14, 1958, but was transferred to the transferee on July 14, 1958. Was the payment made to the seller or was it made to the transferee?  In the case of *Kent v. Rogers,* 58 Ga. App. 835, supra, it was said:  "Since a contract for the sale of personal property under a retention-of-title contract is one which is assignable and transferable by the seller, a payment to the seller of the amount due under the contract is not necessarily a dis-

charge of the purchaser's obligation under the contract. It may be that the defendant's obligation, when payment was made, was not an obligation by him to the seller or payee in the contract, but was an obligation by him to an assignee of the seller to whom the contract, which was assignable, had been assigned. In a foreclosure suit against the purchaser, instituted by a person other than the seller or payee named in the contract, who was the assignee or transferee of the seller or payee named in the contract, the plea, contained in the counter-affidavit filed by the purchaser thereto as a defense, in which it was alleged that the defendant had paid some person other than the plaintiff, in that he had paid the seller or the payee named in the contract the amount due under the contract, and that the defendant had never promised to pay the plaintiff, and did not owe the plaintiff any amount, where it did not appear that the payment was made before the payee's right and title had been transferred or assigned, was insufficient as an allegation that the defendant had discharged his obligation under the contract and was not indebted to the plaintiff." The defendant's plea in his counter-affidavit which alleged that he had made payments as required by such rentention-sale contract would not be tantamount to an allegation that he had paid the transferee but, without more, would amount to an allegation that he had paid the seller, and there was no allegation that at the time the payments were made the seller was the person to whom payments should have been made under the contract. Accordingly, this ground of the counter-affidavit was insufficient to set forth any defense to the foreclosure affidavit and the judgment of the trial court overruling the plaintiff's motion, in the nature of a general demurrer, to strike such counter-affidavit should be reversed.