## 50667. CITY OF SAVANNAH BEACH v. THOMPSON.

DEEN, Presiding Judge.

The City of Savannah Beach initiated a condemnation action against certain ocean front land belonging to Thompson, under the special master proceedings, Chapter 36-6A. The special master, after hearing evidence, entered an award determining the value of the property which was filed in the office of the clerk of the Superior Court of Chatham County on July 30. The condemnor filed its appeal therefrom to a superior court jury on August 12, 1974, and at the same time filed a pleading denominated a "bill of exceptions" which complained that (a) the special master had not in fact taken the oath required by Code Ann. § 36-612a and (b)

had erred in sustaining objections to certain testimony. The trial court sustained the condemnee's motions to dismiss these pleadings and entered up final judgment vesting title in the city upon payment of the sum awarded into the registry of the court. The condemnor appeals. *Held:*

1. Code Ann. § 36-614a dealing with an appeal from the award of the special master, and Code Ann. § 36-601 dealing with appeals from awards of assessors in eminent domain cases, are in identical language and must be given the same meaning. Both must be in writing and filed in the superior court of the county where the award is filed and within ten days thereof. An appeal not filed within the ten-day period is not timely and the proper judgment is one of dismissal. *Edwards v. Savannah &c. R. Co.,* 140 Ga. 761 (79 SE 841). The appeal here was properly dismissed.

The special master proceeding authorized by Ga. L. 1957, pp. 387 et seq. as amended several times repeats that its primary purpose is to secure a quick determination of the compensation to be paid. Code Ann. §§ 36-602a, 36-610a etc. The petition is filed in the superior court and must be referred to the master in not more than 15 days from the date of service. Code Ann. § 36-605a. It contains an order setting a hearing date which is not subject to continuance except by court order and then not for more than five days. If an appeal to a jury is desired it *must* be filed within ten days after the filing of the award or it becomes final. Code Ann. §§36-614a, 36-615a. This requirement is twice repeated.

There is no merit in the contention that these requirements have been abolished by Ga. L. 1972, pp. 738 et seq. The preamble of this bill stipulates that it is "An Act to Amend Code Chapter 6-1." This chapter, as specified in Code § 6-101 deals with "all civil cases tried and determined by a county judge or justice of the peace, and on all confessions of judgment before either of said officers." The 1972 Act supplies a new Code § 6-103 allowing an appeal to the superior court by filing notice with "the court, agency or other tribunal appealed from," specifies that costs must be first paid to the "court, agency or tribunal below," or a pauper's affidavit in lieu thereof,

and goes on to further amend Code Chapter 6-2 relating to appeals from the Court of Ordinary. The new Code § 6-501 states that the provisions bring up the whole record from "the court below" and apply in appeals to the superior court from a justice court, court of ordinary "and in any other cases where not provided by law."

The Act relates to appeals from inferior judicatories, not to cases originally filed in the superior court, are first heard as nonjury matters and contain provisions for appeals to a jury in the same court. This Act does not, therefore, extend the time for filing the notice of appeal specified in the Special Master Act. The latter is not included in the framework of the former, and cannot be held to grant an extension of time by implication, which would be contrary to the entire scheme of the special master proceedings to seek quick determinations of value questions.

2. As to the three-assessor procedure, it is established that the appeal to the superior court jury is on the issue of value and damages alone and is a de novo procedure. *Tuggle v. DeKalb County,* 101 Ga. App. 890, 893 (115 SE2d 751). In the special master proceedings, equally, "such award of the special master shall not be competent evidence. . . such appeal shall be a de novo investigation, and. . . the award of the special master shall be detached from the papers in the case before the same are delivered to the Jury." Code Ann. § 36-612a. To this extent, then, we may analogize between the two procedures. In *Leach v. Ga. Power Co.,* 228 Ga. 16, 21 (183 SE2d 755) it was held that the provisions of Code Chapter 10 relating to auditors (e.g., Code § 10-305 providing for recommittal of the report by the judge to the auditor under certain circumstances) did not apply to a special master condemnation suit and that a motion to recommit in a special master proceeding was properly overruled, since issues of law must be the subject of *timely* exceptions to the superior court. In *Livsey v. County of Walton,* 47 Ga. App. 211 (1) (170 SE 268), a three-assessor condemnation proceeding, it was likewise held that since an appeal is a de novo proceeding a motion to recommit was properly overruled *even though the original award was a nullity.*

We conclude that the only method of correcting any

errors the assessors or a special master may have made in the original hearing and award is not by recommittal to that body but by an appeal in the superior court, which begins again the process of adjudication. On such appeal issues of fact relating to value will be decided by the jury; if there are issues of law erroneously decided by the special master, objections may be made to and read-judicated by the superior court judge. In the absence of a viable appeal, the judge necessarily enters up a judgment condemning the property upon payment into court of the amount provided for in the award. Code Ann. § 36-613a.

We readily acknowledge that where the award is void on its face it is useless for any purpose, including the primary one of being the basis for a judgment of the court. In the present instance, however, this is not the case. Nothing in the record except the unverified statement in the "bill of exceptions" suggests that the special master did not take the oath prescribed. On the contrary, the return itself recites that the signatory has "first taken the oath as required by law of the Special Master." "Where, as here, it appears on the face of the [judicial instrument] that a proper oath was administered to the affiant, it will be presumed that a lawful oath was administered to him." *Jarvis v. State,* 71 Ga. App. 617 (1) (31 SE2d 673). If it was in fact not administered, or not administered properly, the duty was on each party equally to call this fact to the attention of the hearing officer rather than wait at his peril to raise the question after an adverse determination of the issues. Cf. *Bickerstaff v. Turner,* 188 Ga. 37 (2 SE2d 643); *First Nat. Bank of Atlanta v. Vinson,* 102 Ga. App. 828 (12) (118 SE2d 225).

The court did not err in dismissing the appeal and bill of exceptions and entering up judgment based on the return of the special master.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 30, 1975 — DECIDED MAY 9, 1975 — REHEARING DENIED JUNE 11, 1975 — 

*Smith & Portman, W. Lance Smith, Spencer Lawton,*

*Jr.,* for appellant.
 *Morton G. Forbes,* for appellee.