*Karl M. Kothe,* for appellee.

58435. HARDY v. GEORGIA POWER COMPANY.

McMURRAY, Presiding Judge.
A special master was appointed to hear this condemnation case. The return of the special master was filed *on June 28, 1978.* Both condemnor and condemnee filed exceptions to the return of the special master. *On October 25, 1978,* condemnee filed her appeal to the superior court for the trial of the issue of valuation by a jury. *On November 6, 1978,* the superior court entered its judgment condemning the property and ruling upon the exceptions filed to the return of the special master by denying condemnee's exceptions.

The condemnee, contending that although due diligence was exercised by her attorney, neither she nor her attorney were aware of the order of judgment entered November 6, 1978, moved *on January 4, 1979,* that the superior court reconsider and re-enter that order. Whereupon, condemnor filed its motion to dismiss condemnee's appeal on the grounds that it was not timely filed. Condemnee's motion to reconsider and re-enter the judgment of November 6, 1978, was denied on February 21, 1979. *On February 22, 1979,* condemnee's appeal to the superior court for jury trial of the issue of valuation was dismissed. A notice of appeal to the Supreme Court from the order of February 21, 1979, denying condemnee's motion to reconsider and re-enter judgment was filed on March 20, 1979. The Supreme Court transferred the case to this court. *Held:*

This appeal is not timely since the motion for reconsideration and re-entering of an order earlier entered by the superior court is not among those motions which automatically extend the filing date for a notice of appeal under the provisions of Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077). See *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241).

Nor was the filing date for notice of appeal extended by the pendency of a timely filed notice of appeal to a jury

as in such cases as *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49) and *Housing Authority v. Baker,* 119 Ga. App. 109 (166 SE2d 437). "If an appeal to a jury is desired it *must* be filed within ten days after the filing of the award or it becomes final. Code Ann. §§ 36-614a, 36-615a." *City of Savannah Beach v. Thompson,* 135 Ga. App. 63, 64 (1) (217 SE2d 304).

In the case sub judice the appeal to the jury was not timely filed. Therefore the award was final as to the issue of valuation and there was no pending appeal which would serve to extend the time for filing of the notice of appeal.

*Appeal dismissed. Banke and Underwood, JJ., concur.*

ARGUED JULY 12, 1979 — DECIDED OCTOBER 17, 1979.

*J. Corbett Peek, Jr., James Garland Peek,* for appellant.

*Karl M. Kothe,* for appellee.