66390. SAVANNAH IRON & FENCE CORPORATION v.
MITCHELL.
66391. SOUTHEASTERN STEEL CONTRACTORS, INC. v.
MITCHELL.

CARLEY, Judge.

On December 6, 1979, plaintiff-appellee allegedly was injured while engaged in construction work. On May 29, 1981, well within the period of limitations, he filed suit against several defendants who are not involved in this appeal. On November 16, 1981, still within the limitations period, appellee filed an amendment to his complaint and a motion to add parties. A proposed (unsigned) order granting the motion was apparently placed in the file at the same time as the motion. On November 25, 1981, a hearing on the motion was held. The trial court, in the exercise of its discretion, ruled that appellants

should be added as parties defendant, and the judge stated in open court that the proposed order tendered by plaintiff-appellee would be signed and filed.

However, through oversight, the trial court omitted the actual signing of the order, and it was not until counsel for appellee made inquiries concerning service on the additional defendants, appellants herein, that this omission was discovered. Thereafter, on March 4, 1982, after the statute of limitations had run, the trial court entered a nunc pro tunc order which set forth the foregoing series of events, ruled that plaintiff-appellee's amended complaint was sufficiently filed as of November 25, 1981, and ordered that appellants be made parties defendant as of November 25, 1981. On March 5, 1982, appellants were served with appellee's amended complaint.

Appellants moved to dismiss on the ground that the action against them was barred by the statute of limitations. Their motions were denied by the trial court, the trial court entered certificates of immediate review and we granted appellants' application for interlocutory appeal.

1. Appellants assert that the trial court erred in denying their motions to dismiss on the basis of the applicable statute of limitations because more than two years had elapsed between the date of the alleged injury and the date of the entry of the order adding appellants as parties defendant. They maintain that the order of March 4, 1982, nunc pro tunc as of November 25, 1981, was ineffective and did not prevent the running of the statute.

Appellants cite several cases for the proposition that nunc pro tunc orders cannot be utilized to correct non-action on the part of the trial court. *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470) (1978); *In Re: Thomas,* 134 Ga. App. 728 (215 SE2d 735) (1975); *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423) (1964). However, in the case of *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69 (234 SE2d 807) (1977), involving a factual situation similar to the case at bar, this court held that the entry of a nunc pro tunc order for the purpose of correcting errors and making the record speak the truth was within the court's inherent and statutory power.

"Our Code provides: 'Every court has power — To amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth.' [OCGA § 15-1-3(6) (Code Ann. § 24-104).] 'Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.' [OCGA § 9-11-60(g) (Code Ann. § 81A-160).] We have held the

language 'amend its own records' includes ' "amending" the record by reducing to writing an order which had previously existed only as an oral statement and was therefore not properly a part of the record at all [. . .]' *Israel v. Joe Redwine Ins. Agency,* 120 Ga. App. 14, 16 (169 SE2d 347) (1969)." *Maloy,* supra at 74-75. See also *Jefferson v. Ross,* 250 Ga. 817 (301 SE2d 268) (1983), wherein the Supreme Court declined to follow *Maroska v. Williams,* supra.

We hold that, under the circumstances of the instant case, the trial court's nunc pro tunc order was effective. Since the order relates back to the time when it should have been entered, and as it was so intended by the trial court, the amended complaint adding appellants as parties defendant was filed within the applicable period of limitation.

The case of *Robinson v. Bomar,* 122 Ga. App. 564 (177 SE2d 815) (1970) is distinguishable from the instant case. In *Robinson,* plaintiffs did not seek or obtain an order of the court adding Bomar as a party defendant until after the statute of limitations had expired. In the case at bar, a hearing on appellee's motion to add appellants as parties was held, and the motion was in fact orally granted, well within the statutory period. The trial court did not err in entering its nunc pro tunc order so as to correct its own oversight and to make the record speak the truth.

2. Appellants further assert that, even if the trial court's nunc pro tunc order was effective to add them as parties defendant prior to the expiration of the statute of limitations, plaintiff-appellee was guilty of laches in perfecting service upon them, and the amended complaint should have been dismissed as against appellants on that basis.

"The general rule is: 'If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation.' *Hilton v. Maddox &c. Trim Contractors,* 125 Ga. App. 423, 425 (188 SE2d 167), and cases therein cited. Where service is belatedly perfected, the trial court may dismiss the action when the delay was caused by laches on the plaintiff's part. Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action. *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875, 880 (2) (201 SE2d 628)." *Webb v. Murphy,* 142 Ga. App. 649, 650 (236 SE2d 840) (1977).

In considering the issue of laches, the trial judge must determine, in the exercise of his legal discretion, whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that proper service was made as quickly as

possible. *Webb v. Murphy,* supra.

In the instant case, appellants were served with the amended complaint on the next day following the entry of the trial court's nunc pro tunc order adding them as parties defendant. That order specifically states: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff has exercised due diligence with respect to this filing and service on these additional defendants and the Sheriff of the court or his lawful Deputy is directed to now perfect service on these two additional defendants [instanter]." There is nothing in the record to indicate that the trial court abused its discretion in determining that plaintiff-appellee's actions did not constitute laches. Accordingly, this court will not intervene. See *Smith v. Griggs,* 164 Ga. App. 15 (296 SE2d 87) (1982); *Scoggins v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 408 (274 SE2d 775) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED OCTOBER 3, 1983.

*Richard A. Rominger, Frederic Stearns,* for appellant (case no. 66390).

*I. Gregory Hodges,* for appellant (case no. 66391).

*Joseph B. Bergen, C. Ashley Royal, James L. Pannell, Walter C. Hartridge, Brice Ladson,* for appellee.