A92A1656. SAVAGE v. THOMASTON-UPSON COUNTY OFFICE BUILDING AUTHORITY.
(422 SE2d 896)

BEASLEY, Judge.

On January 18, 1991, the Thomaston-Upson County Office Building Authority filed a complaint against Savage and others under the Special Master Act, OCGA § 22-2-100 et seq., to condemn avigation easements necessary for the construction of an airport.

On January 19, the superior court entered an order appointing a special master to hear evidence on Friday, February 1, at 8:00 a.m., as to the fair market value of the property rights sought to be condemned, taking into consideration the consequential damages and consequential benefits to any property not taken. The special master

was ordered to make and file with the clerk of the court within three days after the date of the hearing an award and report of his findings, as required by OCGA § 22-2-110 (a).

On February 6, the special master signed an award to the condemnees of $3,188 as the actual market value of the easements over the subject tracts, plus $6,196.47 in consequential damages to their remaining property or interest, with a finding of no consequential benefits. The special master denied the condemnees' motion to dismiss the condemnation petition on grounds that the Office Building Authority lacks the power and authority to condemn private property for airport purposes.

The special master did not, however, file his award with the superior court by Wednesday, February 6, when the three-day period ended. As a result, counsel for the condemnor telephoned the special master, who signed the award and mailed it to counsel on February 6. Counsel received the award on Saturday, February 9, and filed it on Monday, February 11. On this same day, the condemnees filed a notice of appeal to superior court, a motion to dismiss for failure of the special master to file the award within three days after the hearing, and exceptions to the award.

On February 20, the condemnees filed an amendment to their motion to dismiss and exceptions to the award by adding the ground that the award did not set forth the date and time of the hearing before the special master, as required by OCGA § 22-2-110 (c). On February 21, the special master filed a nunc pro tunc amendment to his award with the permission of the court stating the date and time of the hearing.

The superior court held a hearing on the condemnees' exceptions to the award and motion to dismiss on February 26. The court denied the motion to dismiss at the hearing and entered an order the next day denying the remaining exceptions, as well as an application for a certificate of immediate review. On February 28, the superior court made the award of the special master its judgment. A jury trial on the value of the property or interest taken and the amount of damage done resulted in a jury award of $10,000 and a judgment of $10,048.16 including prejudgment interest to Savage. The prejudgment interest puts the case in a direct, rather than a discretionary, appeal posture. See OCGA § 5-6-35 (a) (6); *Batchelor v. ISFA Corp.*, 191 Ga. App. 238 (382 SE2d 434) (1989).

1. Savage contends without success that this proceeding has been voided and nullified because the special master's award was not filed with the clerk of the superior court within three days after the date of the hearing, as required by OCGA § 22-2-110 (a).

The exercise by the condemnor of its delegated power of eminent domain must be in strict conformity with the statute conferring the

authority. *Wrege v. Cobb County*, 186 Ga. App. 512, 513 (1) (367 SE2d 817) (1988). It was held in *Landers v. Ga. Pub. Svc. Comm.*, 217 Ga. 804, 809 (4) (125 SE2d 495) (1962), that the failure of appraisers (now assessors) to file and record their award within ten days after the award was made, as required by Ga. Code Ann. § 36-508 (OCGA § 22-2-65), did not render the proceeding invalid. There is no provision in the statute that a failure of this nature would have such a drastic result. The requirement of speedy disposition to protect the property owner is directory rather than jurisdictional.

2. Savage asserts that the special master's award was defective in failing to set forth the date and time of the hearing, voiding the award and rendering the proceeding invalid.

The special master supplied this information by a nunc pro tunc amendment of the award prior to the superior court's clearly authorized entry of judgment on the award as so amended. See *Moore v. Moore*, 229 Ga. 600, 601 (2) (193 SE2d 608) (1972); *Savannah Iron & Fence Corp. v. Mitchell*, 168 Ga. App. 252, 253 (1) (308 SE2d 569) (1983).

3. Finally, Savage urges that the Office Building Authority lacks the power to condemn private property for airport purposes.

Although, of course, an airport is not an office building, the state constitutional amendment through which the Authority was created granted powers broad enough to include the condemnation of easements for airport purposes.

The Thomaston Office Building Authority was created pursuant to Ga. L. 1964, Extra Session, p. 338 et seq. In 1967, its name was changed to Thomaston-Upson County Office Building Authority. Ga. L. 1967, p. 3139 et seq.

Paragraph B of the 1964 amendment, id. at 340-341, states that the Authority was created " 'for the purpose of acquiring, constructing, equipping, maintaining and operating . . . projects embracing buildings and facilities for use by the City of Thomaston, Georgia, for its governmental, proprietary and administrative functions and for the use by such other agencies, authorities, departments and political subdivisions of the State of Georgia or the government of the United States as may contract with the Authority for the use of such facilities.' "

Paragraph D (3), id. at 342-343, states that " '[t]he word "project" shall be deemed to mean and include one or a combination of two or more of the following: buildings and facilities intended for use as courthouse, jail, police station, fire station, administrative offices and other offices and related uses, and all buildings, structures, electric, gas, steam and water utilities and facilities of every kind and character deemed by the Authority necessary or convenient for the efficient operation of any department, board, office, commission or

agency of the City of Thomaston in the performance of its governmental, proprietary and administrative functions, or of such buildings and facilities intended for use by any division, department, institution, agency or political subdivision of the State of Georgia, or the government of the United States.' "

Paragraph E (3), id. at 343-344, states that " '[t]he Authority shall have the powers: To acquire in its own name by purchase . . . or by condemnation . . . real property or rights of easements therein or franchises necessary or convenient for its corporate purposes. . . .' "

In pertinent part, the preamble to the amendment, id. at 340, states that its purposes are "to provide the right and power for the Authority to condemn property of every kind and character . . . [and] . . . to provide that this amendment shall be liberally construed."

Both the City of Thomaston, through its council, and Upson County, through its commission, passed resolutions requesting the Thomaston-Upson County Airport Authority (which was created by Ga. L. 1988, p. 4225 et seq.), and/or the Thomaston-Upson County Office Building Authority, to acquire by purchase or through the exercise of the power of eminent domain certain property and easements required for the development of an airport.

Both counties and municipalities are authorized to condemn private property needed for an airport. OCGA §§ 6-3-20; 6-3-21; 6-3-22. The delegation of that authority by the City of Thomaston and Upson County to the Office Building Authority was authorized here.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 —

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek,* for appellant.

*Adams, Barfield, Dunaway & Hankinson, Ronald Barfield,* for appellee.