A98A1903, A98A1904. GARNER et al. v. GEORGIA
TRANSMISSION CORPORATION (two cases).
(510 SE2d 624)

Judge Harold R. Banke.

The Georgia Transmission Corporation ("GTC") formerly known as Oglethorpe Power Corporation filed condemnation proceedings under the special master statute (OCGA § 22-2-102 et seq.) to obtain two parcels of land. After a hearing, the special master set the

amount of one award at $3,111 and the other at $2,062. The awards, however, were not filed until November 13, 1997, six days after the hearing. The superior court ordered judgment in those amounts on November 25. Nineteen days after the awards were filed, on December 2, Harold Garner, the condemnee, filed notices of appeal under OCGA § 32-3-14 to seek a jury trial on damages.[1] GTC moved to dismiss both appeals as untimely. Enumerating two errors, Garner challenges the order dismissing his appeals. *Held*:

1. Garner claims that the trial court erred by failing to rule that because the special master did not file his awards with the clerk within three days of the hearing as required by OCGA § 22-2-110 (a), the ten day appeal period did not begin until he received actual notice of the awards. We disagree.

Although Garner contends that the failure of the special master to file the awards within three days tolled the filing period, we find no such provision in the statute. See *Savage v. Thomaston-Upson County Office Building Auth.*, 205 Ga. App. 634, 636 (1) (422 SE2d 896) (1992). Nor is this a situation where the condemnee received less than the requisite ten days to appeal. Compare *Simmons v. Webster County*, 225 Ga. App. 830, 832 (1) (485 SE2d 501) (1997) (special master award and judgment filed on same day). Here, the three day delay in the filings actually afforded Garner additional time to appeal. Compare *Wrege v. Cobb County*, 186 Ga. App. 512, 513 (1) (367 SE2d 817) (1988) (extension of continuance was a deliberate attempt by condemnor to circumvent statutory time constraints).

Garner also asserts that the special master's failure to file the awards within three days resulted in his not receiving notice of them. But it is undisputed that the awards were, in fact, file-stamped November 13. As a matter of law those filings served as notice to the public including Garner and also commenced the ten day appeal period, which expired before Garner filed his notices of appeal. See *Wilson v. City of Waycross*, 130 Ga. App. 253 (203 SE2d 301) (1973); see also *Kessler v. Liberty Mut. Ins. Co.*, 157 Ga. App. 287, 288 (277 SE2d 257) (1981) (duty of an attorney to keep client informed of filing entered in public record). Where an appeal is untimely, as here, it must be dismissed. *City of Savannah Beach v. Thompson*, 135 Ga. App. 63, 64 (1) (217 SE2d 304) (1975); *Howell Enterprises v. City of Atlanta*, 123 Ga. App. 767 (1) (182 SE2d 331) (1971).

2. Because the appeals were not timely, the trial court properly dismissed them. *Thompson*, 135 Ga. App. at 64 (1).

---

[1] OCGA § 32-3-14, part of the Code section on "Property Acquired for Transportation Purposes," authorizes a 30 day appeal period. That statute has no application here.

*Judgments affirmed in Case Nos. A98A1903 and A98A1904. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 6, 1999 

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell,* for appellants.

*Webb, Tanner & Powell, Robert J. Wilson,* for appellee.