## A07A0410. RUTLAND v. GEORGIA POWER COMPANY.

### (648 SE2d 436)

MILLER, Judge.

Guy J. Rutland, Jr. appeals from the trial court's dismissal of his appeal from a special master's award, entered in a condemnation proceeding initiated by Georgia Power Company ("GPC"). Finding that Rutland's appeal of that award to the superior court was not timely, we affirm.

The facts are undisputed, and the issue before us is whether the special master's failure to serve the award on the parties at the time he filed it with the superior court tolled the time for filing an appeal of that award. This question is one of law, which we review de novo. *Ga. Power Co. v. Stowers*, 282 Ga. App. 695, 696 (639 SE2d 605) (2006).

GPC initiated this action on July 12, 2005, by filing an action under the Special Master Act (OCGA § 22-2-100 et seq.) seeking to condemn an easement for electric transmission lines across Rutland's property, located in Polk County. Pursuant to the statute, the trial court appointed a special master who, on July 25, 2005, held a hearing to determine the amount of compensation due Rutland.

On July 28, 2005, the special master made an award of $14,956 to Rutland as the fair market value of the condemned easement. That award was filed with the trial court on July 29, 2005. On that same day, Rutland's attorney, John Husser, called the special master's office to ask whether the award had been filed. The special master's secretary told Husser that she thought the award had been filed, but that she was unsure. Husser asked the secretary to check with the special master and, if the award had been filed, to fax him a copy of the same. He also requested that, if the award had not been filed, the special master fax him a copy of the award at the time it was filed. The secretary agreed to both of these requests, and said she would have the special master call Husser.

After ten days passed without hearing from the special master's office, Husser again called to ask if the award had been filed. At that time, he spoke with the special master who told Husser the award had been filed, and apologized for his oversight in not forwarding a copy of the same to him. Husser received a copy of the award via facsimile

on August 10, 2005 and filed Rutland's appeal of that award to the superior court the following day.

Approximately three months later, GPC moved to dismiss Rutland's appeal as untimely, citing the requirement of OCGA § 22-2-112 that any appeal of a special master's award must be filed within ten days after that award is filed with the superior court. The trial court agreed and entered an order granting GPC's motion. Rutland now appeals from that order, arguing that the ten-day time for filing an appeal set forth in OCGA § 22-2-112 cannot begin to run until after a party has been served with the special master's award, because any other interpretation of the statute would violate the constitutional guarantee of due process. For the reasons set forth below, however, we disagree.

A party's right to appeal the special master's valuation of property is governed by OCGA § 22-2-112, which, at the time GPC initiated this action, provided: "In case any party is dissatisfied with the amount of the award, he or she may, within ten days after the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed."[1] Where such an appeal is timely filed, the party then has a statutory right to a jury trial on the issue of valuation.

Because "[t]he statute as written sets forth no exceptions to the ten-day period," *Stafford v. Bryan County Bd. of Ed.*, 267 Ga. 274, 275 (476 SE2d 727) (1996), this Court has consistently held that "[a]n appeal not filed within the ten-day period is not timely and the proper judgment is one of dismissal. [Cit.]" *City of Savannah Beach v. Thompson*, 135 Ga. App. 63, 64 (1) (217 SE2d 304) (1975). See also *Gwinnett County v. Grant*, 181 Ga. App. 304 (352 SE2d 391) (1986) (dismissal proper where notice of appeal filed 14 days after entry of special master's award); *Howell Enterprises v. City of Atlanta*, 123 Ga. App. 767 (1) (182 SE2d 331) (1971) (where appeal is filed more than ten days after the filing of the special master's award it is error for trial court not to dismiss the appeal). We have applied the statute in this fashion even where the parties had no actual notice that the award had been filed. See *Garner v. Ga. Transmission Corp.*, 235 Ga. App. 889, 890 (1) (510 SE2d 624) (1999) (dismissal of appeal filed more than ten days after special master's award was filed proper even where party claimed to have no notice of filing); *Hardy v. Ga. Power*

---

[1] Approximately six months after GPC filed this action, the legislature amended OCGA § 22-2-112 to provide that any appeal from a special master's award "shall be filed within ten calendar days from the service of the award, plus three additional calendar days for mailing of the award." This language, however, applies "to those condemnation proceedings filed on or after February 9, 2006, where title has not vested in the condemning authority...." Ga. L. 2006, p. 39, § 25.

16

*Co.*, 151 Ga. App. 805 (261 SE2d 748) (1979) (dismissal of appeal proper even though property owner asserted that, despite due diligence exercised by her attorney, neither was aware of the entry of the award); *Wilson v. City of Waycross*, 130 Ga. App. 253 (203 SE2d 301) (1973) (appeal properly denied even though attorney argued that he had been given incorrect information by the clerk of court).

In spite of this precedent, Rutland argues that a failure to toll the time for filing an appeal until a party receives actual notice results in an unconstitutional deprivation of property without due process. We disagree.

"Constitutional due process of law includes notice and hearing as a matter of right where one's property interests are involved. [Cit.]" *Hamilton v. Edwards*, 245 Ga. 810, 811 (267 SE2d 246) (1980).

> The law recognizes that notice can be either express, implied or constructive. Express notice embraces not only knowledge but also that which is communicated by direct information. Constructive notice is information or knowledge of a fact imputed by law because the fact could have been discovered by proper diligence and the situation was such as to cast upon a person the duty to inquire into it. Implied notice is that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. [Cits.]

Id. at 811-812.

Although the Special Master Act does not require that a party receive actual notice of the filing of a special master's award, it does provide both constructive and implied notice of the same. Implied notice is found in the statute's requirement that the special master file the award with the superior court within three days after conducting a hearing. See OCGA § 22-2-110 (a). That statutory provision "is notice as a matter of law to all of the parties and their counsel that the award will be filed within the required time and that an attempt to appeal the matter to a jury in the superior court coming more than 10 days after its filing, . . . comes too late." *Wilson*, supra, 130 Ga. App. at 253. In other words, that statutory language provides information sufficient to put a party on inquiry which, "if . . . followed up with due diligence" would allow them to learn of the filing. *Hamilton*, supra, 245 Ga. at 812.

Similarly, the filing of the award with the superior court, standing alone, provides a party with constructive notice of that fact. See

*Garner*, supra, 235 Ga. App. at 890 (1) (The filing of the award "serve[s] as notice to the public including [the parties] and also commence[s] the ten day appeal period.").

The circumstances of a condemnation proceeding under the Special Master Act include the fact that neither the special master nor the court is obligated to serve the parties with the award. Those circumstances, therefore, place upon a party the duty to exercise diligence in determining when the award was filed. See *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29) (1969) ("It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients.") (citations omitted). In such a situation, due diligence requires more than relying solely on a third party to provide information that could be obtained directly from the court.

Finally, the fact that a party who appeals a special master's award to the superior court is then entitled to a jury trial on the issue of valuation does not impact our due process analysis. See *Sweat v. Ga. Power Co.*, 235 Ga. 281, 283 (1) (219 SE2d 384) (1975) (holding that due process requirements are satisfied by Special Master Act even absent provision for a jury trial, because it affords property owners notice and an opportunity for a hearing). The right to a jury trial under such circumstances is not constitutional, but statutory. Id. As such, the right can be lost where a party fails to meet the statutory conditions for exercising the same — i.e., where it fails to file the appeal in the time prescribed by law. Id.

For the reasons set forth above, we affirm the order of the trial court dismissing Rutland's untimely appeal of the special master's award.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007.

*John S. Husser*, for appellant.
*Troutman Sanders, Lynette E. Smith, Hugh B. Pettit III*, for appellee.